**STATE of Minnesota, Respondent,**

v.

**Brian James KASPER, Appellant.**

No. C3–86–1415.

Supreme Court of Minnesota.

July 31, 1987.

C. Paul Jones, State Public Defender, James M. Burseth, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas I. Johnson, Hennepin Co. Atty., Vernon E. Bergstrom, Chief, Appellate Section, Anne E. Peek, Asst. Co. Atty., Minneapolis, for respondent.

## OPINION

AMDAHL, Chief Justice.

Defendant Brian James Kasper petitioned for review of a decision of the court of appeals affirming his conviction of criminal sexual conduct in the third degree. We granted the petition not for the purpose of granting defendant the relief he requested but for the limited purpose of expressing our disagreement with the court of appeals' conclusion that the trial court abused its discretion in not requiring the victim of the *Spreigl* offense to testify at the *Spreigl* hearing.

The facts are recounted in detail in the court of appeals' opinion. *State v. Kasper,* 405 N.W.2d 540, 541–42 (Minn.App.1987). The victim, a 20–year-old woman, was at a bar in Hennepin County on a Friday night in late October of 1985. A friend broke a promise to give her a ride home. The victim therefore called a taxi. While the victim was waiting outside for the taxi, defendant approached her and offered her a ride home. She refused at first but finally consented after waiting 15 minutes for the taxi. The victim testified that defendant took the wrong route, went onto a dirt road, and raped her. She reported the rape the next day. When arrested, defendant at first denied having had sexual intercourse with the victim. However, possibly because the police found a semen-stained blanket in his car, he admitted at trial that intercourse had occurred, claiming it was consensual.

The *Spreigl* or other-crime evidence admitted against defendant under Minn.R. Evid. 404(b) related to defendant's June 1985 sexual assault in Anoka County of a 16–year-old girl. Witnesses at trial to this

offense included the girl and the police officer who investigated that offense.

The court of appeals affirmed defendant's conviction, concluding first that the evidence of defendant's guilt was sufficient. 405 N.W.2d at 542. The court of appeals ruled secondly that the trial court abused its discretion in not requiring the victim of the *Spreigl* offense to testify at the *Spreigl* hearing held pursuant to Rule 11 of the Minnesota Rules of Criminal Procedure. 405 N.W.2d at 452–53. However, the court also ruled that the error was non-prejudicial because the girl testified at trial consistently with the prosecutor's offer of proof, on which the trial court's decision admitting the evidence was based. 405 N.W.2d at 543–44.

A special concurrence referred to this court's opinion in *State v. Wakefield*, 278 N.W.2d 307 (Minn.1979), which held that it is error to admit *Spreigl* evidence relating to a prior offense of which the defendant has been acquitted. 405 N.W.2d at 544–45. The special concurrence agreed with the affirmance of defendant's conviction but argued that *Wakefield* should be extended to exclude evidence of any *Spreigl* offense if the defendant was not prosecuted for the other offense because the prosecutor felt at the time that the evidence was too weak. *Id.*

■ The court of appeals correctly held that the evidence was sufficient.

■ The majority also rightly rejected the argument made in the special concurrence that *Wakefield* should be extended. On a number of occasions we have expressly refused to extend *Wakefield* to bar evidence of other crimes for which the defendant was not prosecuted or for which the defendant was prosecuted but the prosecution dismissed. *See State v. Lande*, 350 N.W.2d 355, 358 (Minn.1984), and cases cited therein, as well as *State v. McAdoo*, 330 N.W.2d 104, 106 (Minn.1983). Extending *Wakefield* to cases such as this could drastically and unjustifiably reduce the allowable use of *Spreigl* evidence.

■ We believe, however, that the court of appeals erred in concluding that the trial court abused its discretion in not requiring the victim to testify at the *Spreigl* hearing. Our cases hold that the trial court has broad discretion in determining whether or not to require the state to call the *Spreigl* witnesses at the hearing to determine the admissibility of the *Spreigl* evidence. The leading case on this is *State v. Lindahl*, 309 N.W.2d 763, 766 (Minn.1981) (case in which prosecutor, instead of using the simple offer of proof procedure at the *Spreigl* hearing, had the victim give a shortened testimonial summary of what happened with only limited cross-examination). Other relevant cases include *State v. McAdoo*, 330 N.W.2d 104, 106 (Minn.1983) (summarily rejecting, by citing *Lindahl*, the defendant's argument that the trial court erred in accepting an offer of proof by the prosecutor rather than requiring a formal evidentiary hearing at which the *Spreigl* victim would testify before admitting the evidence); *Muhammed v. State*, 316 N.W.2d 572, 573 (Minn.1982) (summarily rejecting, by citing *Lindahl*, an argument that the trial court erred in refusing a defense request to call and cross-examine the *Spreigl* witnesses at the *Spreigl* hearing). It is our understanding that most trial judges generally use the offer of proof procedure at the *Spreigl* hearing. We see nothing wrong with this or any reason for requiring a mini-trial on the issue. The Code of Professional Responsibility helps to insure that prosecutors will not intentionally give an inaccurate statement of what the other-crime evidence will be, and the trial court and the appellate courts are always free to grant relief, when appropriate, if the evidence adduced was not what the prosecutor led the trial court to expect.

The court of appeals' analysis of the issue in this case is inconsistent with the holding of *Lindahl*, which is that the trial court has broad discretion in deciding whether or not to accept an offer of proof at the *Spreigl* hearing. Instead of recognizing that the trial court has broad discretion in such matters, the court of appeals stated that the trial court has "some discretion" in such matters. 405 N.W.2d at 543. It then proceeded to hold that the trial court erred in basing the admission deci-

sion on an offer of proof because "there was no other evidence [other than the testimony of the victim] that the *Spreigl* incident occurred." *Id.*

The court of appeals gave *Lindahl* a similarly narrow reading in *State v. Casady*, 392 N.W.2d 629, 632–33 (Minn.App. 1986), *petition for review denied*, (Minn. 1986), where that court, although holding the error non-prejudicial, held that the trial court erred in basing an admission of *Spreigl* evidence on an offer of proof by a prosecutor that can only be described as a detailed offer of proof that was more than sufficient to establish that the evidence of the defendant's participation in the prior offense was clear and convincing.

In both *Casady* and this case the court of appeals seems to interpret our decision in *State v. Doughman*, 384 N.W.2d 450 (Minn.1986), as requiring the state to call the *Spreigl* victim at the *Spreigl* hearing and have the trial court weigh the credibility of the victim in any case where the only evidence that the offense occurred is the victim herself. However, *Doughman* did not say or imply this and, as we have stated, our cases in point hold otherwise.

Affirmed.