53 P.3d 974 (2002)
147 Wash.2d 288
STATE of Washington, Respondent,
v.
Mark Patrick KILGORE, Petitioner.
No. 71489-4.
Supreme Court of Washington, En Banc.
September 12, 2002.
*975 Staurset Wickens Berneburg P.C., Sean Wickens, Tacoma, for Petitioner.
Gerald Horne, Pierce County Prosecutor, Barbara Corey-Boulet, Deputy, Tacoma, for Respondent.
ALEXANDER, C.J.
The sole issue before us is whether a trial court must conduct an evidentiary hearing before admitting evidence of "other crimes, wrongs, or acts" pursuant to ER 404(b). Division Two of the Court of Appeals concluded here that the trial court was not required to hold such a hearing. It reached this decision notwithstanding the fact that another division of the Court of Appeals had previously reached a contrary result in another case. We affirm Division Two's decision in the instant case.

I.
Mark P. Kilgore was charged in Pierce County Superior Court with four counts of child molestation and three counts of rape of a child. The State alleged in the information that Kilgore raped and molested his stepdaughter, molested two brothers-in-law, and raped and molested a step-niece.
Before trial, Kilgore moved to exclude any evidence of uncharged acts of sexual misconduct that he allegedly committed with the children who were named as the victims of the charged offenses. Kilgore argued that because the State must prove any uncharged criminal acts by a preponderance of the evidence, the trial court must conduct an evidentiary hearing before admitting such evidence. At this hearing, Kilgore contended, he should be permitted to examine the State's witnesses and put on testimony rebutting the allegations.
The trial court disagreed with Kilgore's contention that it must conduct an evidentiary hearing and indicated that it could determine the admissibility of the proffered evidence based upon the State's offer of proof. In an offer of proof, the deputy prosecuting attorney said that Kilgore's step-niece would testify about "five or six" other incidents in which she was molested by Kilgore. Verbatim Report of Proceedings (VRP) at 196. Kilgore's stepdaughter, the deputy prosecutor asserted, would testify about three other incidents in which Kilgore "touched [her] privates with his hands," had her "touch his penis" and touched her "privates with his penis." VRP at 197. The deputy prosecutor also said that the stepdaughter would testify about an incident where she saw pornographic materials inside Kilgore's home. Finally, the deputy prosecuting attorney averred that one of the brothers-in-law would testify about "other instances where he was touched by [Kilgore]." VRP at 189. Kilgore made no offer of proof as to what his witnesses, if any, would testify to at an evidentiary hearing, if one were held. According to the State, all of the evidence summarized in its offer of proof was admissible because it showed Kilgore's lustful disposition toward the victims of the charged crimes. The trial court, after considering the offer of proof and balancing the probative value of the evidence contained in the offer against its prejudicial effect, concluded that the evidence was admissible to show "motive, opportunity, [and] lustful disposition." VRP at 204.
At trial, the State presented testimony consistent with its offer of proof. The jury found Kilgore guilty of all charges. Kilgore appealed all of his convictions to Division Two of the Court of Appeals. That court reversed one count of child rape, and one count of child molestation. In affirming Kilgore's other convictions, the Court of Appeals rejected Kilgore's argument, largely reliant on a decision by Division One of the Court of Appeals in State v. Binkin, 79 Wash.App. 284, 902 P.2d 673 (1995), review *976 denied, 128 Wash.2d 1015, 911 P.2d 1343 (1996), that the trial court erred in declining to hold an evidentiary hearing to determine whether the alleged uncharged acts occurred.[1] Kilgore sought and obtained review here.

II.
ER 404(b) provides as follows:
Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
We have held that when the State seeks admission of evidence under ER 404(b), that the defendant has committed bad acts that constitute crimes other than the acts charged, the trial court must (1) find by a preponderance of the evidence that the uncharged acts probably occurred before admitting the evidence; (2) identify the purpose for which the evidence will be admitted; (3) find the evidence materially relevant to that purpose; and (4) balance the probative value of the evidence against any unfair prejudicial effect the evidence may have upon the fact-finder. State v. Pirtle, 127 Wash.2d 628, 649, 904 P.2d 245 (1995).
Kilgore asserts here, as he did at the trial court and the Court of Appeals, that the trial court was required to conduct a pretrial evidentiary hearing at which it had to determine if a preponderance of the evidence favored a finding that the uncharged bad acts occurred. Because it failed to do so, he contends, we must reverse his convictions. Kilgore continues to rely primarily on Division One's holding in Binkin, a case in which that court held that the trial court "should" conduct a pretrial evidentiary hearing in any case where the alleged bad act or acts are contested and that its failure to do so is error. Binkin, 79 Wash.App. at 290, 902 P.2d 673. As we have indicated above, Division Two of the Court of Appeals declined to follow Binkin here, concluding that the trial court could make the determinations it was required to make based on the State's offer of proof.
Binkin is the only decision of a Washington appellate court that firmly stands for the proposition that an evidentiary hearing must be held when prior criminal acts are contested by the defendant.[2] In declining to follow Binkin, Division Two cited "various reasons" for its holding that an evidentiary hearing to determine whether the prior bad acts occurred was not necessary. State v. Kilgore, 107 Wash.App. 160, 189, 26 P.3d 308 (2001), review granted, 145 Wash.2d 1032, 41 P.3d 485 (2002). Significantly, the court responded to Kilgore's argument that the trial court cannot make a finding of a preponderance, based solely upon an offer of proof, by stating that "[Kilgore's] argument ignores one of the fundamental purposes of an offer of proof: to `inform[] the [court] of the specific nature of the offered evidence so that the court can assess its admissibility,'" and, "[m]oreover, the rules of evidence do not apply to preliminary determination." Id. at 188, 26 P.3d 308 (some alterations in original) (quoting in part State v. Ray, 116 Wash.2d 531, 538, 806 P.2d 1220 (1991)).
Division Two found persuasive a Minnesota Supreme Court decision in which that court rejected an argument similar to that which has been advanced by Kilgore. State v. Kasper, 409 N.W.2d 846 (Minn. 1987). In Kasper, the defendant had argued that an offer of proof by the State is insufficient and *977 that an evidentiary hearing with testimony was a necessity before the court could rule ER 404(b) evidence was admissible. In rejecting this argument, the Minnesota court reasoned that the trial court could base its decision on the State's offer of proof because the State has an ethical duty to give an accurate offer of proof. The Kasper court also observed that the trial and appellate courts are always free to grant relief if the evidence adduced at trial was not what the prosecutor led the trial court to expect.[3]Kasper, 409 N.W.2d at 847. Sounding a practical note, the Minnesota court expressed concern that an evidentiary hearing with testimony would develop into a mini-trial which would delay the actual trial.
As further reason for rejecting Binkin, Division Two observed that the Binkin court failed to cite any cases that require a court to hold an evidentiary hearing. It also took exception to what it said was the Binkin court's seeming conclusion that the "`preliminary finding'" we talked about in State v. Benn, 120 Wash.2d 631, 845 P.2d 289 (1993), was synonymous with an "`evidentiary hearing.'" Kilgore, 107 Wash.App. at 189, 26 P.3d 308 (quoting Binkin, 79 Wash.App. at 290, 902 P.2d 673). Division Two also opined that the Binkin rule "serves no practical purpose" because under the harmless error test enunciated by the Binkin court, the failure to hold an evidentiary hearing would be harmless error "in every case." Id. at 189, 190, 26 P.3d 308. It noted:
The court held that the failure to hold an evidentiary hearing was harmless error when substantial evidence is admitted at trial to support a finding by a preponderance that the prior bad acts occurred. Case law already holds that the failure to balance the probative value of evidence against its prejudice is harmless if the appellate court can perform the balancing based upon its review of the record, see, e.g., State v. Carleton, 82 Wash.App. 680, 686, 919 P.2d 128 (1996), so it is logical that a similar test should apply here. But a defendant can assign error only to statements that were actually admitted at trial, so by definition there will be substantial evidence in the record and the error will always be harmless.
Id. at 189-90, 26 P.3d 308 (footnote and citation omitted). Accordingly, Division Two declined to follow Division One's rule in Binkin, and held that "the trial court needs only to hear testimony when it cannot fairly decide, based upon the proponent's offer of proof, that the ER 404(b) incident probably occurred. Of course, such offer of proof or testimony must be heard out of the jury's presence." Id. at 190, 26 P.3d 308 (footnote omitted).

III.
We agree with the reasoning of the Court of Appeals in the instant case. Requiring an evidentiary hearing in any case where the defendant contests a prior bad act would serve no useful purpose and would undoubtedly cause unnecessary delay in the trial process. In our view, these hearings would most likely degenerate into a court-supervised discovery process for defendants. As the Court of Appeals observed, the defendant will always have the right to confront the witnesses who testify against him at trial. We should be slow, therefore, to allow defendants to confront the witnesses twice, particularly where testifying just once can be a difficult experience for any witness. We believe, in the final analysis, that the trial court is in the best position to determine whether it can fairly decide, based upon the offer of proof, that a prior bad act or acts probably occurred. We recognize, as did the Court of Appeals, that there may be instances where the trial court cannot make the decision it must make based simply on an offer of proof. In such cases, it would be entirely proper for the court to conduct an evidentiary hearing outside the presence of the jury. The decision whether or not to conduct such a hearing, though, should be left to the sound discretion of the trial court. We conclude, finally, that there was no error here on the part of the trial court in allowing *978 the evidence of prior bad acts to come in following the State's offer of proof.
We affirm the Court of Appeals.
SMITH, MADSEN, IRELAND, BRIDGE and OWENS, JJ., concur.
CHAMBERS, J. (concurring).
Although I concur with the result reached by the majority, I disagree with its rejection of the sound reasoning in State v. Binkin, 79 Wash.App. 284, 902 P.2d 673 (1995). I conclude that when evidence of prior bad acts is offered under an exception to ER 404(b), and when an accused challenges the existence of the prior bad acts (as opposed to the purpose for which the evidence is sought to be introduced, or the relevancy, or the probative value versus the prejudicial effect), then an accused is entitled to an evidentiary hearing. It is, however, incumbent upon the accused to make an offer of proof to the court outlining the basis of his challenge, which may include what evidence will be introduced, what questions will be asked, or what testimony will be offered to challenged the State's proffered evidence. Kilgore failed to make such an offer and I would therefore concur with the majority and affirm his conviction.
Evidence of other bad acts is generally inadmissible. ER 404(b). Exclusion is grounded on the principle that the accused must be tried for the crimes charged, not for uncharged crimes. State v. Emmanuel, 42 Wash.2d 1, 13, 253 P.2d 386 (1953). A fair trial is denied when the jury is permitted to conclude the accused deserves punishment because of other bad acts. Instead, the jury must determine whether the accused committed the crime charged.
ER 404(b) provides:
Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
To admit evidence of other wrongs, the trial court must (1) find by a preponderance of the evidence that the misconduct occurred, (2) identify the purpose for which the evidence is sought to be introduced, (3) determine whether the evidence is relevant to prove the element of the crime charged, and (4) weigh probative value against the prejudicial effect. ER 404(b); State v. Lough, 125 Wash.2d 847, 853, 889 P.2d 487 (1995).
I agree with the majority that an independent evidentiary hearing would be unnecessary for the last three elements (the purpose of the evidence, the relevancy of the evidence, and the weight of the probative value of the evidence versus its prejudicial effect). However, when the existence of the bad act is challenged, the accused is entitled to a hearing. There, the State must establish by a preponderance of the evidence that the prior bad act occurred. State v. Benn, 120 Wash.2d 631, 653, 845 P.2d 289 (1993); Binkin, 79 Wash.App. at 289, 902 P.2d 673.
The majority's concern that such hearings would degenerate into court supervised discovery proceedings for defendants, and the majority's contention that the failure to hold such evidentiary hearings would be harmless error regardless, is unpersuasive. At issue is not direct evidence of the crime itself, but of highly prejudicial and often emotionally inflammatory acts that may amount to uncharged crimes. If the State cannot prove the existence of prior bad acts, then the evidence should not be admitted.
I would not, however, require the trial court to conduct an evidentiary hearing without some showing by the defendant. We review for substantial evidence in the record to uphold the trial court's ruling. Benn, 120 Wash.2d at 653, 845 P.2d 289. Here, Mark Kilgore objected to the admission of evidence of his prior bad acts. He requested an evidentiary hearing so that he could present testimony rebutting the allegations. The trial court permitted the prosecutor to make an offer of proof. The prosecutor's detailed offer of proof encapsulated the testimony of each of the proposed witnesses concerning each incident of molestation. When given the opportunity, Kilgore did not make an offer of proof as to what evidence he would present in rebuttal, or what questions he would ask, or what testimony he would offer *979 at the evidentiary hearing. Given Kilgore's total failure to provide the court with any basis upon which he would challenge the State's evidence, the trial court did not err in denying the evidentiary hearing.
Therefore, I concur with the majority in result.
JOHNSON and SANDERS, JJ., concur.
NOTES
[1] The State, apparently also relying on the Binkin decision, conceded at the Court of Appeals that a trial court is required to hold an evidentiary hearing when a defendant contests the acts. It maintained, however, that Kilgore had not contested the prior acts because he made no offer of proof. Division Two did not embrace the State's concession, choosing instead to reject the reasoning of Division One in Binkin, stating that "the Binkin court has created a rule that is not supported by case law and serves no practical purpose." State v. Kilgore, 107 Wash.App. 160, 190, 26 P.3d 308 (2001), review granted, 145 Wash.2d 1032, 41 P.3d 485 (2002).
[2] In State v. Barragan, 102 Wash.App. 754, 760, 9 P.3d 942 (2000), Division Three of the Court of Appeals cited Binkin approvingly and indicated that "[t]he better practice" when a prior bad act is contested is to hold an evidentiary hearing to determine, by a preponderance of the evidence, whether the uncharged crimes occurred.
[3] Minnesota adheres to a clear and convincing standard with regard to admission of prior bad acts.