216 P.3d 393 (2009)
STATE of Washington, Respondent,
v.
Mark Patrick KILGORE, Petitioner.
No. 81020-6.
Supreme Court of Washington, En Banc.
Argued March 12, 2009.
Decided September 24, 2009.
*395 James Robert Dixon, Dixon & Cannon, Ltd., Seattle, WA, for Petitioner.
Kathleen Proctor, Pierce County Prosecutor's Office, Tacoma, WA, for Respondent.
FAIRHURST, J.
¶ 1 A jury convicted Mark Patrick Kilgore of three counts of rape of a child and four counts of child molestation. The trial court imposed an exceptional sentence of 560 months for each count to be served concurrently. Two counts were reversed on appeal and the remaining five counts affirmed. The case was remanded for retrial, but the State elected not to retry the two reversed counts. After the mandate was issued terminating direct review of Kilgore's case, but before the trial court corrected Kilgore's judgment and sentence to reflect the reversed counts, the United States Supreme Court issued Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).
¶ 2 Kilgore argues that his case was not final for purposes of retroactivity when Blakely was decided and that the trial court erred when on remand it refused to resentence Kilgore in accordance with the requirements of Blakely. Kilgore also argues the Court of Appeals erred when it granted the State's motion to dismiss for failure to raise an appealable issue.
¶ 3 We hold the Court of Appeals did not err when it dismissed Kilgore's appeal because no appealable issues remained. As Kilgore had exhausted the availability of direct review prior to the United States Supreme Court's decision in Blakely, his case was necessarily final when the trial court declined to resentence him on remand.

I. FACTUAL AND PROCEDURAL HISTORY
¶ 4 The State charged Kilgore with four counts of child molestation in the first degree and three counts of rape of a child in the first degree. The State alleged in counts one and two that on multiple occasions Kilgore molested and raped C.M., Kilgore's stepniece. Counts three through seven charged Kilgore with molesting and raping his stepdaughter, A.B., and two brothers-in-law on multiple occasions. On October 1, 1998, a jury found Kilgore guilty of all seven counts.
¶ 5 The trial court sentenced Kilgore on December 1, 1998. Kilgore's offender score was 18. The standard sentencing range for child molestation in the first degree was 149-198 months, and for child rape in the first degree, 210-280 months. Former RCW 9.94A.310, .320 (1995). The trial court imposed an exceptional sentence of 560 months for each count to run concurrently. The trial court found the following aggravating factors: (1) violation of a position of trust, (2) vulnerable victims, (3) multiple victims and multiple incidents per victim, (4) lack of remorse or acceptance of responsibility, and (5) deliberate cruelty.
*396 ¶ 6 Kilgore appealed but did not challenge his exceptional sentence. The Court of Appeals reversed counts one and two, affirmed the remaining five counts, and remanded "for further proceedings," which could include retrial of counts one and two. State v. Kilgore, 107 Wash.App. 160, 190, 26 P.3d 308 (2001) (Kilgore I).[1] We affirmed the Court of Appeals. State v. Kilgore, 147 Wash.2d 288, 295, 53 P.3d 974 (2002). Our decision became final on October 7, 2002. We mandated the case to the superior court for further proceedings in accordance with our opinion and for the assessment of costs. The time for Kilgore to file a petition for certiorari expired 90 days later on January 5, 2003.
¶ 7 On remand, the State declined to retry Kilgore on counts one and two. At a hearing before the trial court on October 7, 2005,[2] Kilgore argued the trial court must resentence him in accordance with Blakely. The trial court denied Kilgore's motion for resentencing, ruling: (1) Kilgore's case was final on October 7, 2002; (2) Kilgore was entitled to an order correcting his judgment and sentence; (3) Kilgore was not entitled to a new sentencing hearing; and (4) "[a]ll other terms and conditions of the original Judgment and Sentence shall remain in full force and effect as if set forth in full herein." Clerk's Papers per Request of Appellant at 100-01. The trial court then signed a motion and order correcting the judgment and sentence, striking counts one and two from Kilgore's judgment and sentence, and correcting his offender score.
¶ 8 In a divided opinion,[3] the Court of Appeals held, because the trial court was not required to address Kilgore's remaining convictions on remand and did not, Kilgore's judgment and sentence was final when this court issued its mandate on October 7, 2002. State v. Kilgore, 141 Wash.App. 817, 826-27, 172 P.3d 373 (2007) (Kilgore III). The Court of Appeals also granted the State's motion to dismiss, holding the Court of Appeals was bound by State v. Barberio, 121 Wash.2d 48, 846 P.2d 519 (1993). The Court of Appeals held it could not review Kilgore's sentence because the trial court did not revisit this issue on remand. Kilgore III, 141 Wash. App.at 828, 172 P.3d 373 (citing Barberio, 121 Wash.2d at 50, 846 P.2d 519).
¶ 9 Kilgore petitioned this court for review, arguing the Court of Appeals erred in determining his judgment became final before the trial court acted on remand and in concluding Barberio barred review where there has been an intervening change in law, making his original sentence unconstitutional. We granted Kilgore's petition for review. State v. Kilgore, 164 Wash.2d 1001, 190 P.3d 55 (2008).

II. ISSUE
Whether direct review was available to allow application of Blakely to invalidate Kilgore's exceptional sentence, despite the trial court's refusal to exercise its discretion on remand.

III. ANALYSIS
¶ 10 Kilgore argues his sentence is in violation of Blakely and must be reversed. Blakely applies only to cases pending on direct review or not yet final. State v. Evans, 154 Wash.2d 438, 444, 114 P.3d 627 (2005) (quoting In re Pers. Restraint of St. Pierre, 118 Wash.2d 321, 326, 823 P.2d 492 (1992) (citing Griffith v. Kentucky, 479 U.S. 314, 328, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987) and Teague v. Lane, 489 U.S. 288, 311, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) (O'Connor, J., opinion))). Therefore, "[t]he critical issue in applying the current retroactivity analysis is whether the case was final when the new rule was announced." St. Pierre, 118 Wash.2d at 327, 823 P.2d 492. We define finality for purposes of retroactive application of a new rule of law as the point at which "`a judgment of conviction has been rendered, *397 the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.'" Id. (quoting Griffith, 479 U.S. at 321 n. 6, 107 S.Ct. 708 n. 6 (citing United States v. Johnson, 457 U.S. 537, 542 n. 8, 102 S.Ct. 2579, 73 L.Ed.2d 202 (1982))).
¶ 11 Kilgore invites this court to adopt tests created by federal courts of appeal to determine finality where cases have been remanded following the reversal of some, but not all, counts.[4] Although we generally follow federal retroactivity analysis, Evans, 154 Wash.2d at 444, 114 P.3d 627, it is state law, particularly our rules of appellate procedure, that determines whether a petitioner has exhausted his right to appeal in state court. "A state conviction and sentence become final for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied." Caspari v. Bohlen, 510 U.S. 383, 390, 114 S.Ct. 948, 127 L.Ed.2d 236 (1994) (emphasis added). Whether a defendant has exhausted his right to direct review in state court dictates in part whether his case is final for purposes of retroactivity. State v. Hanson, 151 Wash.2d 783, 790, 91 P.3d 888 (2004). Although Kilgore attempts to separate the two,[5] finality and reviewability are intrinsically bound.
¶ 12 "Finality for purposes of retroactivity analysis is determined by the case as a whole, not individual issues." St. Pierre, 118 Wash.2d at 330, 823 P.2d 492. Nevertheless, "the finality of that portion of the judgment and sentence that was correct and valid at the time it was pronounced" is unaffected by the reversal of one or more counts. In re Pers. Restraint of Carle, 93 Wash.2d 31, 34, 604 P.2d 1293 (1980) (citing McNutt v. Delmore, 47 Wash.2d 563, 565, 288 P.2d 848 (1955), overruled in part on other grounds by State v. Sampson, 82 Wash.2d 663, 513 P.2d 60 (1973)). Therefore, a case has no remaining appealable issues where an appellate court issues a mandate reversing one or more counts and affirming the remaining count, and where the trial court exercises no discretion on remand as to the remaining final counts. Barberio, 121 Wash.2d at 51. 846 P.2d 519. "Only if the trial court, on remand, exercised its independent judgment, reviewed and ruled again on such issue does it become an appealable question." Id. at 50, 846 P.2d 519. In order to determine whether Kilgore's case was final for purposes of retroactivity when Blakely was decided, we must first determine whether any appealable issues remained when the trial court corrected Kilgore's judgment and sentence.
¶ 13 "RAP 12.7[[6]] defines the finality of a decision by an appellate court. Once an appellate decision is final, review as a matter *398 of right is exhausted." Hanson, 151 Wash.2d at 790, 91 P.3d 888 (footnote omitted). Finality is the point at which the appellate court loses the power to change its decision. RAP 12.7(a), (b). This occurs when the appellate court issues its mandate, when this court accepts review, or when the Court of Appeals issues a certificate of finality. Id. The pendency of a case otherwise final under RAP 12.7 can be revived pursuant to RAP 2.5(c).[7] RAP 12.7(d).
¶ 14 We have interpreted RAP 2.5(c)(1) to allow trial courts, as well as appellate courts, discretion to revisit an issue on remand that was not the subject of the earlier appeal.[8]Barberio, 121 Wash.2d at 51, 846 P.2d 519. This is consistent with RAP 12.2,[9] which allows trial courts to entertain postjudgment motions authorized by statute or court rules, as long as the motions do not challenge issues already decided on appeal. If the trial court elects to exercise this discretion, its decision may be the subject of a later appeal, thereby restoring the pendency of the case.[10]Id. at 50, 846 P.2d 519 (citing 2 LEWIS ORLAND & KARL TEGLAND, WASHINGTON PRACTICE: RULES OF PRACTICE 481 (4th ed.1991)); accord RAP 2.2(9), (10), (13) (providing right to appeal from postjudgment orders).[11]
¶ 15 In Barberio, we considered whether direct review was available where the trial *399 court elected not to exercise its discretion on remand. 121 Wash.2d 48, 846 P.2d 519. Barberio was convicted of one count of second degree rape and one count of third degree rape. Id. at 49, 846 P.2d 519. The trial court imposed an exceptional sentence, which Barberio did not challenge on appeal. Id. The Court of Appeals reversed the third degree rape conviction and affirmed the second degree rape conviction. Id. The State chose not to retry the reversed charge. Id. At a resentencing hearing, Barberio challenged the aggravating factors found by the court in the initial sentencing and argued his lower sentencing range required the trial court to proportionally reduce his exceptional sentence. Id. at 49-50, 846 P.2d 519. The trial court resentenced Barberio to the same exceptional sentence, despite his reduced offender score and reduced range. Id.; State v. Barberio, 66 Wash.App. 902, 905, 833 P.2d 459 (1992). The trial court emphasized nothing had changed in regard to new evidence or the impact of the Court of Appeals opinion that merited reexamination of Barberio's sentence. Barberio, 121 Wash.2d at 51-52, 846 P.2d 519. We concluded in resentencing Barberio to the same exceptional sentence that the trial court made "only corrective changes in the amended judgment and sentence." Id. at 51, 846 P.2d 519.
¶ 16 We held there was no issue to review on appeal because the trial court did not exercise its independent judgment on remand. Id. at 51, 846 P.2d 519; see also State v. Traicoff, 93 Wash.App. 248, 257-58, 967 P.2d 1277 (1998) (defendant barred from challenging conditions of community placement for first time in second appeal where trial court on remand corrected terms without revisiting placement conditions); State v. Mahone, 98 Wash.App. 342, 346, 989 P.2d 583 (1999) (holding amendment of judgment and sentence was not appealable where trial court made appellate court's award of costs part of the judgment and sentence and exercised no discretion). The trial court's actions in Barberio gave rise to no new appealable issues; therefore, Barberio had exhausted his right to appeal in state court when we denied review of the first Court of Appeals decision. State v. Barberio, 115 Wash.2d 1010, 797 P.2d 511 (1990). Barberio thus makes clear that when, on remand, a trial court has the choice to review and resentence a defendant under a new judgment and sentence or to simply correct and amend the original judgment and sentence, that choice itself is not an exercise of independent judgment by the trial court.[12] The reason that choice is not an independent judgment is because if the trial court simply corrects the original judgment and sentence, it is the original judgment and sentence entered by the original trial court that controls the defendant's conviction and term of incarceration.
¶ 17 When we compare the facts of this case to those of Barberio, it becomes more apparent that, like in Barberio, the trial court on remand did not exercise its independent judgment. Two of Kilgore's convictions were reversed, while five were affirmed. Kilgore did not challenge his sentencing on appeal. His case was remanded for "further proceedings," with the possibility that the State would retry Kilgore's reversed counts. As in Barberio, the State did not retry the reversed convictions. 121 Wash.2d at 49, 846 P.2d 519. Although the trial court had discretion under RAP 2.5(c)(1) to revisit Kilgore's exceptional sentence on the remaining five convictions, it made clear that in correcting the judgment and sentence to reflect the reversed counts, it was not reconsidering the exceptional sentence imposed on each of the remaining counts. Therefore, unless the trial court erred or abused its discretion in declining to resentence Kilgore on remand and simply correcting the original judgment and sentence, no appealable issues remained, *400 and Kilgore's case continued to be final for purposes of retroactivity when the time to petition for certiorari elapsed 90 days following the issuance of our mandate. Barberio, 121 Wash.2d at 50, 846 P.2d 519.
¶ 18 Before the Court of Appeals, Kilgore argued his reduced offender score required the trial court to resentence him despite the fact that his sentencing range was unaffected.[13] "`"[W]hen a sentence has been imposed for which there is no authority in law, the trial court has the power and duty to correct the erroneous sentence."'" In re Pers. Restraint of Goodwin, 146 Wash.2d 861, 869, 50 P.3d 618 (2002) (quoting Carle, 93 Wash.2d at 33, 604 P.2d 1293 (quoting McNutt, 47 Wash.2d at 565, 288 P.2d 848)). Where an error in a defendant's offender score affects the applicable sentencing range, resentencing is required. Id. Resentencing is also required where the sentencing range is unaffected "if the trial court had indicated its intent to sentence at the low end of the range, and the low end of the correct range is lower than the low end of the range determined by using the incorrect offender score." Id. at 868, 50 P.3d 618. Although Kilgore's offender score was reduced from 18 to 12, his presumptive sentencing range remained the same.[14] The trial court indicated no intention to sentence Kilgore at the low end of the sentencing range. As the Court of Appeals noted, there was no sentencing error on remand to correct. Kilgore III, 141 Wash.App. at 825 n. 8, 172 P.3d 373.
¶ 19 We held in Barberio, that a trial court has discretion on remand pursuant to RAP 2.5(c)(1) to revisit issues that were not the subject of an earlier appeal. 121 Wash.2d at 51, 846 P.2d 519. The trial court's discretion to resentence on remand is limited by the scope of the appellate court's mandate. State v. Collicott, 118 Wash.2d 649, 660, 827 P.2d 263 (1992). The mandate in Kilgore I did not explicitly authorize the trial court to resentence Kilgore. Kilgore I, 107 Wash.App. at 190, 26 P.3d 308. The Court of Appeals characterized its mandate as "`open-ended,'" and concluded "in theory, the trial court could have considered resentencing Kilgore for the affirmed convictions on remand."[15]Kilgore III, 141 Wash.App. at 826, 172 P.3d 373.
¶ 20 We agree with the Court of Appeals that the trial court did not abuse its discretion when it declined to resentence Kilgore on remand. Id. at 827, 172 P.3d 373. Although the number of victims, and incidents per victim, was reduced by the reversal of the counts as to C.M., there remained three victims and the multiple incidents related to these victims. This, as well as the four remaining aggravating factorsviolation of a position of trust, vulnerable victims, lack of remorse or acceptance of responsibility, and deliberate crueltycontinued to support the exceptional sentence originally imposed by the trial court. Moreover, the trial court initially imposed the 560 month exceptional sentence as to each individual conviction. We cannot find the trial court abused its discretion by refusing to resentence Kilgore under such circumstances.[16]
¶ 21 Lastly, Kilgore argues Barberio is inapplicable where there has been an intervening change in law. In essence, he asks us to waive our rules of appellate procedure to allow application of a new rule of law to defendants who have otherwise exhausted their right to appeal as long as there is a possibility of a change to their judgment and sentence.[17] Finality occurs, however, when *401 the "`availability of appeal'" had been exhausted. St. Pierre, 118 Wash.2d at 327, 823 P.2d 492 (emphasis added) (quoting Griffith, 479 U.S. at 321 n. 6, 107 S.Ct. 708 n. 6 (citing Johnson, 457 U.S. at 542 n. 8, 102 S.Ct. 2579)). The fact that the trial court had discretion to reexamine Kilgore's sentence on remand is not sufficient to revive his right to appeal. Our rules of appellate procedure require that the trial court exercise its discretion in order to give rise to an appealable issue. We will not waive this rule to make exceptions for defendants where a mere possibility of direct review exists.

IV. CONCLUSION
¶ 22 We define finality for purposes of retroactive application of a new rule of law as the point at which "`a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.'" Id. (quoting Griffith, 479 U.S. at 321 n. 6, 107 S.Ct. 708 n. 6 (citing Johnson, 457 U.S. at 542 n. 8, 102 S.Ct. 2579)). Here, the trial court entered its judgment and sentence on December 1, 1998; this court issued its mandate terminating Kilgore's right to appeal in state court on October 7, 2002; and on January 5, 2003, the time for filing a petition for certiorari in Kilgore's case expired. These events occurred prior to the Supreme Court's decision in Blakely. Because the trial court on remand chose not to exercise its discretion under RAP 2.5(c)(2), Kilgore's case remained final as to his right to appeal in state court as of October 7, 2002. RAP 12.5(c), 12.7(b). We therefore hold the trial court did not err when it declined to apply Blakely to invalidate Kilgore's exceptional sentence and affirm the Court of Appeals dismissal of Kilgore's appeal.
WE CONCUR: ALEXANDER, C.J., C. JOHNSON, CHAMBERS, OWENS, J. JOHNSON, and STEPHENS, JJ.
SANDERS, J. (dissenting).
¶ 23 The majority argues Mark Kilgore's judgment became final in 2002 and therefore Blakely v. Washington, 542 U.S. 296, 306, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) does not apply. To the contrary, the action against Kilgore was pending until 2005 when the trial court acted on the remand. The judgment therefore became final in 2005, after Blakely. I would remand for resentencing.
¶ 24 Under State v. Evans, 154 Wash.2d 438, 443-44, 114 P.3d 627 (2005), courts must revise exceptional sentences for cases pending when Blakely was decided in 2004. Therefore the majority correctly identifies the "`critical issue'" as whether Kilgore's case was final before Blakely was decided in 2004. Majority at 396 (quoting In re Pers. Restraint of St. Pierre, 118 Wash.2d 321, 327, 823 P.2d 492 (1992)). The majority also correctly asserts cases are final when "`the availability of appeal [has] exhausted ...,'" which can occur after the trial court exercises "independent judgment" on remand. Majority at 396 (quoting St. Pierre, 118 Wash.2d at 327, 823 P.2d 492); see also State v. Barberio, 121 Wash.2d 48, 50-51, 846 P.2d 519 (1993). However this occurred in 2005; nothing happened in 2002.
¶ 25 The majority relies on RAP 12.7, RAP 12.2, and RAP 2.5; but none pertains. Majority at 397-99. "The appellate rules make no effort to define a final judgment, and perhaps wisely so. At common law, a final judgment was one that disposed of all the issues as to all of the parties. No better definition seems to have evolved." 2A Karl B. TEGLAND, WASHINGTON PRACTICE: RULES PRACTICE RAP 2.2, at 82 (6th ed.2004). The majority's discussion confuses finality of an appellate opinion with finality of a trial court judgment after remand:
"RAP 12.7 defines the finality.... Finality is [when] the appellate court loses the power to change its decision.... [The appellate court loses the power to change its decision] when the appellate court issues *402 its mandate ... or ... certificate of finality."
Majority at 397-98 (footnote and citation omitted) (quoting State v. Hanson, 151 Wash.2d 783, 790, 91 P.3d 888 (2004)). The majority misses the point: The appellate court may have issued its decision; however, when it remands for further proceedings the case cannot be final until after those proceedings conclude.
¶ 26 The majority seems to invoke RAP 12.7 and RAP 2.5 to argue appellate courts can review only some trial court actions on remand: "The pendency of a case otherwise final under RAP 12.7 can be revived pursuant to RAP 2.5(c). RAP 12.7(d)." Majority at 397-98.[1] Relying on a 1991 commentary[2] on RAP 2.5(c)(1), the majority argues trial courts can restore case pendency only by revisiting an issue on remand: "If the trial court elects to exercise this discretion, its decision may be the subject of a later appeal, thereby restoring the pendency of the case." Id. at 398 (citing Barberio, 121 Wash.2d at 50, 846 P.2d 519 (citing 2 LEWIS H. ORLAND & KARL B. TEGLAND, WASHINGTON PRACTICE: RULES PRACTICE 481 (4th ed.1991))). But the majority never explains what constitutes an "exercise [of] discretion" that revives pendency. Id.
¶ 27 The majority seems to arguesomewhat confusinglya decision not to hold a resentencing hearing is not an exercise of independent judgment on remand, but a decision at a resentencing hearing not to resentence would be just that: "Although the trial court had discretion under RAP 2.5(c)(1) to revisit Kilgore's exceptional sentence ..., it made clear that in correcting the judgment and sentence to reflect the reversed counts, it was not reconsidering the exceptional sentence...." Majority at 399. But how is a decision not to resentenceafter the appellate court reverses multiple criminal counts and remands "for further proceedings"anything but an exercise of independent judgment? There is simply no meaningful difference in terms of finality between refusing to hold a resentencing hearing at all or holding a hearing and then refusing to alter the prior sentence.
¶ 28 The majority relies on RAP 12.7(d) and RAP 2.5(c), but together these rules give appellate courts power to change decisions while limiting the "law of the case" doctrine on remand.[3] This means the Court of Appeals had power in 2007 to review both its 2002 decision reversing Kilgore's convictions and the trial court's 2005 action on remand. However, these rules are irrelevant to when a trial court's action yields a final appealable judgment.
¶ 29 The majority also ignores important statutes and appellate rules that arguably address finality more directly than the rules it cites. For example RCW 9.94A.585 which prevails over any contrary provisions in the appellate rulesmakes all sentences outside the standard range appealable. State v. Pascal, 108 Wash.2d 125, 131, 736 P.2d 1065 (1987). RAP 2.2(a) is also important because it specifies which judgments are appealable as a matter of right once the trial court enters an order. And under RAP 5.2 the time for appeal begins upon entry of a judgment.
¶ 30 The majority also fails to discuss when the judgment in Barberio became final, yet it relies on this case to argue Kilgore's sentence became final in 2002. Majority at 399-400. Finality was not at issue in Barberio because the answer was simple: The judgment *403 became final when the trial court "`affirm[ed] the exceptional sentence....'" Barberio, 121 Wash.2d at 50, 846 P.2d 519 (quoting and affirming State v. Barberio, 66 Wash.App. 902, 903, 833 P.2d 459 (1992)). The trial court took immediate action on remand and "made only corrective changes..."; therefore the judgment became final right away. Id. at 51, 846 P.2d 519. Here the trial court waited two years before acting. But the outcome is the same: The judgment became final when the trial court acted on the remand.[4]
¶ 31 In sum, the majority cites various appellate rules at length but fails to explain how they apply to the question of finality in this case. Under the majority's view, a trial court on remand renders an independent judgment on remand only when it holds a resentencing hearingregardless of out-comebut when it reaffirms the prior sentence by not holding a hearing, it does not. This doesn't make sense.
¶ 32 The Ninth Circuit Court of Appeals articulated a better rule: A partially reversed judgment is not final until the lower court takes action on remand. See, e.g., United States v. Colvin, 204 F.3d 1221, 1225 (9th Cir.2000).[5] Under this "clear, easy-to-follow rule ... [finality] will not turn on an assessment of whether [a] mandate leaves matters open to the [lower court]." Id. This rule is well-established. See, e.g., United States v. LaFromboise, 427 F.3d 680, 683-84 (9th Cir.2005).
¶ 33 The Second Circuit Court of Appeal's rule is slightly narrower but based on the same principle: A partially reversed judgment is not finaluntil the lower court amends the judgment on remandunless the remand was strictly for a ministerial task. Burrell v. United States, 467 F.3d 160, 166 (2d Cir.2006) (Sotomayor, J.).[6]Burrell became final on remand because "[t]his was not a mandate that permitted the district court to undertake any action other than the ministerial correction explicitly set forth." Id. Had the remand not been strictly ministerial, however, the judgment would not have been final until the trial court acted. Id. at 164 (citing Bateman v. Arizona, 429 U.S. 1302, 1306, 97 S.Ct. 1, 50 L.Ed.2d 32 (1976)).
¶ 34 Kilgore's remand in 2002 for "further proceedings" was not a remand for a ministerial correction so it was not a final judgment under Colvin or Burrell. Instead, the remand gave the trial court discretion on remand: "We reverse Counts I and II, affirm Counts III-VII, and remand for further proceedings." State v. Kilgore, 107 Wash.App. 160, 190, 26 P.3d 308 (2001) (Kilgore I), aff'd, 147 Wash.2d 288, 295, 53 P.3d 974 (2002) (Kilgore II). A proceeding is "[t]he regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment." BLACK'S LAW DICTIONARY 1324 (9th ed.2009). Proceedings therefore are events that occur until final judgments are entered.
*404 ¶ 35 The appellate court's opinion determines the scope of a remand order. United States v. Kendall, 475 F.3d 961, 965 (8th Cir.2007). Here the appellate court assumed the trial court would take further action on remand: It actually included instructions on how the State could recharge Kilgore on the reversed convictions, and the majority also admits resentencing was an option. Kilgore I, 107 Wash.App. at 177-82, 26 P.3d 308, aff'd, Kilgore II, 147 Wash.2d at 295, 53 P.3d 974; majority at 396, 399-400, 400.
¶ 36 A reversal and remand for further proceedings is not final so long as judicial action is still required in the lower court. Prudential Ins. Co. of Am. v. Cheek, 259 U.S. 530, 533-34, 42 S.Ct. 516, 66 L.Ed. 1044 (1922). Here the trial court first acted on the remand in 2005; accordingly the judgment became final at that time. LaFromboise, 427 F.3d at 686 (conviction not final until lower court acts on remand to amend judgment); Colvin, 204 F.3d at 1225-26. It was error for the trial court not to take Blakely into account and hold a resentencing hearing.
¶ 37 The trial court tried to avoid Blakely by characterizing its action in 2005 as ministerial and then backdating its order to 2002: "I am not re-sentencing the Defendant based upon the decisions of the higher court. Rather, I am correcting the Judgment and Sentence, and that's what we need to accomplish." Verbatim Report of Proceedings at 13 (Oct. 7, 2005). The court also tried to eliminate the time lag by asserting Kilgore's judgment was final when the mandate issued in October 2002 nunc pro tunc to November 1, 2002. Clerk's Papers at 100-01. This was an invalid use of a nunc pro tunc order. "The office of such order or decree is to record judicial action taken, and not to remedy inaction." Bruce v. Bruce, 48 Wash.2d 635, 636, 296 P.2d 310 (1956). There was no hearing on November 1, 2002; the trial court's 2005 order was invalid.[7]
¶ 38 Washington has already adopted the federal court's approach to finality for purposes of collateral review: A judgment is not final when the appellate court remands for further proceedings. See, e.g., In re Pers. Restraint of Skylstad, 160 Wash.2d 944, 946, 162 P.3d 413 (2007). The United States Supreme Court holds judgments are final only when remanded "for a ministerial duty." Bateman, 429 U.S. at 1306, 97 S.Ct. 1; Abood v. Detroit Bd. of Educ., 431 U.S. 209, 216 n. 8, 97 S.Ct. 1782, 52 L.Ed.2d 261 (1977) (citing Pope v. Atl. Coast Line R., 345 U.S. 379, 382, 73 S.Ct. 749, 97 L.Ed. 1094 (1953); Republic Natural Gas Co. v. Oklahoma, 334 U.S. 62, 67-68, 68 S.Ct. 972, 92 L.Ed. 1212 (1948); Richfield Oil Corp. v. State Bd. of Equalization, 329 U.S. 69, 72-74, 67 S.Ct. 156, 91 L.Ed. 80 (1946)).
¶ 39 Kilgore's judgment and sentence became final in 2005after Blakelywhen the trial court erroneously refused to resentence him.
¶ 40 I dissent.
MADSEN, J., concurs.
NOTES
[1] The Kilgore I court gave guidance to the trial court in case the State elected not to offer physical evidence of counts one and two on retrial.
[2] The record does not indicate why resentencing did not occur earlier or when the State elected not to retry counts one and two.
[3] Judge J. Robin Hunt wrote for the majority, Judge Joel M. Penoyar concurred in result only, and Judge David H. Armstrong filed a dissent.
[4] Kilgore argues we should adopt the United States Court of Appeals for the Ninth Circuit's rule for determining finality for purposes of collateral review set forth in United States v. Colvin, 204 F.3d 1221 (9th Cir.2000), and United States v. LaFromboise, 427 F.3d 680 (9th Cir.2005), or alternatively, the Second Circuit's approach to finality for purposes of retroactivity in Burrell v. United States, 467 F.3d 160 (2d Cir.2006). Because we are determining whether Kilgore has exhausted his right to review in state court and interpreting finality under our common law and the RAPs, these cases are inapplicable.
[5] Kilgore attempts to separate finality from reviewability by relying on case law determining finality for purposes of the timeliness of a personal restraint or habeas petition. See, e.g., infra n. 4. He relies heavily on In re Personal Restraint of Skylstad, 160 Wash.2d 944, 946, 162 P.3d 413 (2007), where we held a judgment of conviction could not be final for purposes of collateral review while a defendant's sentence was under direct review. Skylstad is distinguishable. Contrary to the dissent's claim otherwise, we did not address finality for purposes of retroactivity in Skylstad. Moreover, unlike Kilgore, Skylstad's sentence was reversed on appeal and his case remanded for resentencing. Id. Until the trial court exercised its independent judgment by imposing a new judgment and sentence, Skylstad had no sentence, effectively vacating the judgment. Id. at 954, 162 P.3d 413. In Kilgore's case, his judgment and sentence continued to be valid as to the five affirmed counts.
[6] Finality of Decision

(a) Court of Appeals. The Court of Appeals loses the power to change or modify its decision (1) upon issuance of a mandate in accordance with rule 12.5, except when the mandate is recalled as provided in rule 12.9, (2) upon acceptance by the Supreme Court of review of the decision of the Court of Appeals, or (3) upon issuance of a certificate of finality as provided in rule 12.5(e) and rule 16.15(e).
(b) Supreme Court. The Supreme Court loses the power to change or modify a decision of the Court of Appeals upon issuance of the mandate of the Court of Appeals in accordance with rule 12.5, except when the mandate is recalled as provided in rule 12.9. The Supreme Court loses the power to change or modify a Supreme Court decision upon issuance of the mandate of the Supreme Court in accordance with rule 12.5, except when the mandate is recalled as provided in rule 12.9.
(c) Special Rule for Costs and Attorney Fees and Expenses. The appellate court retains the power after the issuance of the mandate to act on questions of costs as provided in Title 14 and on questions of attorney fees and expenses as provided in rule 18.1
(d) Special Rule for Law of the Case. The appellate court retains the power to change a decision as provided in rule 2.5(c)(2).
RAP 12.7 (boldface type omitted).
[7] Law of the Case Doctrine Restricted. The following provisions apply if the same case is again before the appellate court following a remand:

(1) Prior Trial Court Action. If a trial court decision is otherwise properly before the appellate court, the appellate court may at the instance of a party review and determine the propriety of a decision of the trial court even though a similar decision was not disputed in an earlier review of the same case.
(2) Prior Appellate Court Decision. The appellate court may at the instance of a party review the propriety of an earlier decision of the appellate court in the same case and, where justice would best be served, decide the case on the basis of the appellate court's opinion of the law at the time of the later review.
RAP 2.5(c) (boldface type omitted).
[8] By contrast we have held, "[t]he plain language of RAP 2.5(c)(2) indicates that only an appellate court can revisit an earlier appellate decision in the same case." State v. Schwab, 163 Wash.2d 664, 676, 185 P.3d 1151 (2008).
[9] DISPOSITION ON REVIEW

The appellate court may reverse, affirm, or modify the decision being reviewed and take any other action as the merits of the case and the interest of justice may require. Upon issuance of the mandate of the appellate court as provided in 12.5, the action taken or decision made by the appellate court is effective and binding on the parties to the review and governs all subsequent proceedings in the action in any court, unless otherwise directed upon recall of the mandate as provided in rule 12.9, and except as provided in rule 2.5(c)(2). After the mandate has issued, the trial court may, however, hear and decide postjudgment motions otherwise authorized by statute or court rule so long as those motions do not challenge issues already decided by the appellate court.
RAP 12.2 (boldface type omitted).
[10] The United States Supreme Court recognized the ability of state courts to restore the pendency of a case in Jimenez v. Quarterman, ___ U.S. ___, 129 S.Ct. 681, 172 L.Ed.2d 475 (2009). The Texas Court of Criminal Appeals had granted Jimenez an out-of-time appeal. Id. at 683-84. In his petition for a writ of habeas corpus, Jimenez argued his conviction became final on the date time expired for seeking certiorari review of the decision in his out-of-time appeal. Id. at 684. The Court agreed, reasoning once the Texas Court of Criminal Appeals granted the out-of-time appeal, Jimenez's case was no longer final for purposes of collateral review. Id. at 686.
[11] Contrary to the dissent's claim, we are mindful of RCW 9.94A.585 and RAP 2.2(a) and 5.2. RCW 9.94A.585, which allows defendants to appeal sentences outside the standard range, would be applicable if the trial court on remand had entered a new judgment and sentence that sentenced Kilgore outside the standard range. As the trial court on remand corrected only the original judgment and sentence, Kilgore had his opportunity to appeal his sentence on his direct appeal but chose not to do so. As for RAP 2.2(a) and 5.2, our reasoning and holding is not inconsistent with either of these rules. Under RAP 2.2(a), Kilgore's original judgment and sentence was appealable, and he appealed it successfully. Under RAP 5.2, his direct appeal was also timely.
[12] The dissent appears to confuse the terms "independent judgment on remand" with an "action" by the trial court and uses those terms interchangeably. Dissent at 401, 403, 403, 404. As discussed, an "independent judgment on remand" has specific meaning. Under the dissent's reasoning, however, an "action" by the trial court could include anything, up to and including any type of change, even clerical, to the judgment and sentence.
[13] Kilgore did not include this argument in his briefing to this court. We include it only to complete our analysis.
[14] We note that in Barberio, the defendant's sentencing range was affected by the reduced offender score. 121 Wash.2d at 49, 846 P.2d 519.
[15] We note Kilgore agreed the trial court had discretion to change his sentence to reflect the reversed convictions in his briefing to this court.
[16] Under the dissent's reasoning, Kilgore would be allowed two bites at the same apple. The dissent would allow Kilgore to again appeal his convictions and sentence for molesting his stepdaughter and two brothers-in-law even though the Court of Appeals and this court both affirmed his convictions and sentence for those counts. We believe, as long as the presumptive range and sentence did not change for those counts, that it was permissible for the trial court on remand to keep Kilgore's judgment and sentence final.
[17] The dissent makes a similar argument that, as long as the trial court could take some sort of action, the judgment and sentence did not become final until any action was taken. Dissent at 401. Unlike Kilgore, who argues that Barberio is inapplicable, the dissent essentially reads Barberio into a nullity.
[1] It is unclear why the majority relies on RAP 12.7 because this rule does not address trial court action on remand; it codifies traditional doctrine in which appellate courts can lose power to modify decisions once the mandate issues. The issue here is the trial court's action on remand, not the appellate court's power to modify its own decision.
[2] RAP 2.5 was extensively amended in 1994 based on recommendations by the Washington State Bar Association. See 2A TEGLAND, supra, RULES PRACTICE RAP 2.5 task force cmt. at 238.
[3] RAP 2.5(c)(1) restricts the doctrine by permitting trial courts to exercise independent judgment on remand and appellate courts to review this decision. Under RAP 2.5(c)(2), appellate courts may review their own earlier decisions in the same case and decide the matter on the basis of the law at the time of the later review. In other words, the law-of-the-case doctrine is not mandatory. See generally 2A TEGLAND, supra, RULES PRACTICE RAP 2.5 author's cmt. 27, at 215-16.
[4] The majority tries to distinguish "acting on remand" from "taking independent judgment on remand." Majority at 399 & n. 12 (analyzing State v. Barberio, 115 Wash.2d 1010, 797 P.2d 511 (1990)). Our cases make no such distinction; refusing to resentence and choosing to resentence are two sides of the same coin. And either act on remandregardless of what we call itis an exercise of independent judgment unless it is strictly ministerial. Burrell v. United States, 467 F.3d 160, 166 (2d Cir.2006) (citing Bateman v. Arizona, 429 U.S. 1302, 97 S.Ct. 1, 50 L.Ed.2d 32 (1976)).
[5] The majority's decision to ignore persuasive authority is questionable because this is a case of first impression with no Washington authority on point.
[6] Burrell's procedural posture was very similar to this case but the remand was different. In 2002 the appellate court affirmed one conviction, reversed the other, and remanded to "correct the judgment to reflect the dismissal." United States v. Burrell, 43 Fed. App'x 403, 408 (2d Cir.2002) (unpublished). Approximately three years later the lower court amended Burrell's judgment. During this time lag, the Supreme Court decided a case that reduced Burrell's sentence if it applied to his judgment. United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The key difference is Burrell's remand "unambiguously permitted nothing more than the entry of an amended judgment" while here the court's mandate gave the trial court discretion on remand. Compare Burrell, 467 F.3d at 166 with State v. Kilgore, 107 Wash.App. 160, 190, 26 P.3d 308 (2001) (Kilgore I), aff'd, 147 Wash.2d 288, 295, 53 P.3d 974 (2002) (Kilgore II).
[7] The Court of Appeals also tried to characterize the trial court's action as "ministerial" in an effort to find the judgment final in 2002: "When the trial court chose not to exercise its discretion under Barberio to resentence Kilgore on remand `for further proceedings,' our remand became ministerial in nature" State v. Kilgore, 141 Wash. App. 817, 829, 172 P.3d 373 (2007) (Kilgore III) (emphasis added). Such magical transformations might happen to Cinderella's carriage at midnight, but they do not occur under Washington law: "It may be used to make the record speak the truth, but not to make it speak what it did not speak but ought to have spoken." State v. Ryan, 146 Wash. 114, 117, 261 P. 775 (1927) (quoting from 15 Ruling Case L. 622) (explaining the function of a nunc pro tunc order). A remand "for further proceedings" is not ministerial.