FILED

DEC 19 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DUONG DUC NGUYEN,

Petitioner - Appellant,

v.

STEPHEN D. SINCLAIR,

Respondent - Appellee.

No. 10-35319

DC No. 2:09 cv 01435 RSL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Argued and Submitted December 6, 2011
Seattle, Washington

Before:     TASHIMA, McKEOWN, and TALLMAN, Circuit Judges.

Petitioner-Appellant Duong Duc Nguyen appeals the district court's

dismissal of his 28 U.S.C. § 2254 habeas corpus petition as untimely. We have

jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

_____

        [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

The district court dismissed Nguyen's petition as barred by the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d). That limitations period begins to run from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). We review the dismissal of a federal habeas petition on timeliness grounds de novo. *Malcom v. Payne,* 281 F.3d 951, 955-56 (9th Cir. 2002).

Nguyen argues that his petition was timely because he filed it within one year from the expiration of his time to appeal the state superior court's order amending judgment. The district court correctly determined, however, that the amended judgment was not appealable. Under Washington state law, a trial court's order amending judgment is not appealable where, as here, "an appellate court issues a mandate reversing one or more counts and affirming the remaining count[s], and where the trial court exercises no discretion on remand as to the remaining final counts." *State v. Kilgore,* 216 P.3d 393, 397 (Wash. 2009). The district court correctly concluded that the superior court did not "exercise[] its independent judgment, review[], and rule[] again" when it entered the order pursuant to the mandate of the Washington Court of Appeals. *Id.* (internal

2

quotation marks and citation omitted).  Because Nguyen did not have a right to appeal from the amended judgment, the AEDPA statute of limitations commenced to run upon either entry of the mandate of the Washington Court of Appeals or entry of the amended judgment.  Either way, his petition was untimely and properly dismissed.

**AFFIRMED.**