# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 49322-5-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| QUALAGINE APERO HUDSON, | |
| Appellant. | |

MAXA, C.J. – Qualagine Hudson appeals the trial court's ruling after an evidentiary hearing that Hudson breached his plea agreement with the State regarding multiple charges arising from his involvement in an automobile theft ring. We hold that (1) the State provided sufficient evidence that Hudson breached his plea agreement by violating the law after executing the agreement, and (2) Hudson did not receive ineffective assistance of counsel at the evidentiary hearing. However, we hold that the trial court erred in failing to conduct a resentencing hearing before it entered Hudson's judgment and sentence.

Accordingly, we affirm the trial court's ruling that Hudson breached his plea agreement, but we vacate the trial court's judgment and sentence and remand for the trial court to conduct a sentencing hearing and to resentence Hudson.

## FACTS

*Plea Agreement*

In February 2012, the State charged Hudson in Pierce County with 11 counts arising from his involvement in an automobile theft ring: four counts of trafficking in stolen property in the

first degree, three counts of theft of a motor vehicle, two counts of attempted theft of a motor vehicle, one count of leading organized crime, and one count of conspiracy to commit theft of a motor vehicle.

In July 2012, Hudson entered into a plea agreement and contract with the State in which he agreed to plead guilty to all 11 counts. The plea agreement stated that Hudson would comply with numerous conditions, including that he must not "violate any municipal, county, state, or federal law." Clerk's Papers (CP) at 84. If Hudson completely performed under the agreement, the State agreed to move to vacate all charges except a single count of attempted theft of a motor vehicle and to proceed to sentencing on that count alone.

Based on the plea agreement, Hudson pleaded guilty to all charges in July 2012. He then was released from custody.

*Alleged Violation of Plea Agreement*

In October 2012, the King County Sheriff's Office developed probable cause to arrest Hudson regarding the theft and attempted trafficking of a stolen 1957 automobile valued at $100,000. Hudson was arrested on October 31.

In November, the State filed a motion in Pierce County for a bench warrant based on an allegation that Hudson had breached the plea agreement. The State indicated that it had received information that Hudson had been charged in King County with felonies related to the theft and attempted sale of a vintage automobile. The trial court issued the bench warrant. Hudson was apprehended and held in custody pending being sentenced on his guilty pleas. However, the State did not charge Hudson in King County for the vintage automobile theft at that time.

In June 2014 (following multiple continuances), Hudson came before the trial court for sentencing on his July 2012 guilty pleas. The court denied Hudson's request for an evidentiary

hearing to determine whether he had violated the plea agreement.  Instead, the court decided to proceed to sentencing and imposed a sentence of 149 months for the leading organized crime count.  After he was sentenced, Hudson filed a motion to withdraw his guilty plea or for specific performance of the plea agreement.

Hudson appealed his sentence, asserting that due process required an evidentiary hearing on the issue of breach of his plea agreement before a sentence could be entered.  *State v. Hudson*, No. 73938-7-I, (Wash. Ct. App. Dec. 28, 2015) (unpublished), http://www.courts.wa.gov/opinions/pdf/739387.pdf.  In December 2015, Division One of this court held that Hudson was entitled to an evidentiary hearing, vacated Hudson's judgment and sentence, and remanded to the trial court.  *Id.* at 8, 10.

In October 2015, while the appeal was pending, the State finally had charged Hudson in King County for the October 2012 vintage automobile theft.  Hudson pleaded guilty in November 2015 to second degree taking a vehicle without permission and was sentenced in March 2016.

*Evidentiary Hearing*

The trial court conducted an evidentiary hearing in July 2016. In support of its contention that Hudson breached the plea agreement, the State marked as exhibits a police incident report describing Hudson's October 2012 arrest and the March 2016 King County judgment and sentence.  The court admitted these exhibits, and Hudson stated that he had no objection.

The State also informed the court that detectives were present in court to testify that Hudson did not comply with other agreement requirements in addition to violating the law.  But those detectives were not called to testify at the hearing.

The trial court reviewed the plea agreement and contract, but the court did not mark it as an exhibit or formally admit it into evidence. However, the plea agreement had been filed with the clerk's office in May 2015 and therefore was part of the court file. Hudson did not object to the court reviewing the agreement.

After reviewing the exhibits and plea agreement, the trial court questioned whether Hudson wanted to contest the breach of the plea agreement because "this is pretty straightforward." Report of Proceedings (RP) at 6. The court stated, "It's clear that the crime that he was convicted of occurred . . . after the date of the agreement which precluded him from engaging in criminal activity." RP at 6-7. Defense counsel stated, "Understood, Your Honor" and asked to consult with Hudson. RP at 7.

Hudson then requested to testify to make a record. Defense counsel stated that Hudson wanted to "address his performance on [the] contract which he believes is relevant to this issue." RP at 8. The trial court placed Hudson under oath. The court then stated, "So, Mr. Hudson, I've had a chance to review the contract. The contract is clear. . . . There's evidence that you breached the contract. You breached the agreement. Under contract law, when you breach an agreement you excuse the other party's performance." RP at 8-9.

Hudson testified that after the charges in King County were filed "I just told [defense counsel] I want to skip the hearing and possibly go straight to sentencing . . . maybe addressing some mitigating circumstances as far [as] the sentencing is concerned." RP at 9. He stated, "It's kind of washed after I was arrested but, at the same time, I had explanations and reasons why things went the way they did." RP at 10. Hudson further testified that he had continued to assist law enforcement after his arrest in King County, including the possibility of testifying in a

murder case. He concluded, "I don't want to be here . . . pushing something that the Court said was already a dead issue." RP at 11.

The trial court orally denied Hudson's motion to withdraw his guilty plea based on the evidence presented at the hearing. Several months later, in December 2016, the court entered a judgment and sentence that reflected the same sentence and terms as the June 2014 judgment and sentence. The court did not conduct a new sentencing hearing. Hudson objected to entry of the judgment and sentence without a formal sentencing hearing, which he asserted the appellate court's holding in his first appeal required.

The trial court subsequently entered findings of fact and conclusions of law regarding the July 2016 evidentiary hearing. The court found that the plea agreement required Hudson to maintain law abiding behavior and that after his release he was charged and convicted in King County of theft of a vintage automobile. The court also found that at the hearing Hudson admitted that he had violated the conditions of his plea agreement in three ways, including pleading guilty to a crime. The court concluded that Hudson had breached the plea agreement by committing a felony after being released from custody to perform the requirements under the plea agreement.

Hudson appeals the trial court's ruling that he breached his plea agreement and his sentence.

ANALYSIS

A. SUFFICIENCY OF EVIDENCE – BREACH OF A PLEA AGREEMENT

Hudson argues that the State did not present sufficient evidence to support the trial court's factual findings and to prove that he breached the plea agreement because (1) the two exhibits the State introduced into evidence constituted hearsay, (2) the plea agreement was not

admitted into evidence, and (3) the doctrine of laches precluded the court from considering his King County conviction. We reject these arguments.[1]

 1. Legal Principles

A plea agreement is a contract between the defendant and the state. *In re Pers. Restraint of Lord*, 152 Wn.2d 182, 188, 94 P.3d 952 (2004). Because a plea agreement involves a defendant's fundamental rights, due process requires the state to adhere to the agreement. *Id.* at 189. However, the state may rescind a plea agreement if the defendant breaches it. *State v. Townsend*, 2 Wn. App. 2d 434, 438, 409 P.3d 1094 (2018).

If the state alleges that a defendant has breached a plea agreement and seeks to rescind that agreement, due process requires that the trial court conduct an evidentiary hearing at which the defendant can contest the state's allegation. *Id.* at 439. The defendant must have an opportunity to call witnesses and present other evidence. *Id.* At the hearing, the state must prove a defendant's breach by a preponderance of the evidence. *Id.* at 438.

When a plea agreement requires that the defendant commit no violations of the law while awaiting sentencing, the defendant's subsequent felony conviction is conclusive proof that he or she has breached the plea agreement. *See id.* at 439-40.

 2. Hearsay Exhibits

Hudson argues that the State failed to present sufficient evidence that he breached the plea agreement by relying solely on the police incident report and the King County judgment and sentence, which he claims constituted hearsay. We decline to consider this argument.

---

[1] Hudson also argues that the trial court misconstrued his statements to the court and therefore sufficient evidence did not support the trial court's finding that he admitted that he breached the plea agreement. Because the evidence is sufficient to establish that Hudson breached the plea agreement even without this finding, we do not address this argument.

Hudson did not object in the trial court to admission of these exhibits. Under RAP 2.5(a), we may refuse to review any claim of error not raised in the trial court. One exception is when the claim involves a manifest constitutional error. RAP 2.5(a)(3). However, Hudson merely argues that the exhibits were hearsay, which does not involve a constitutional right. Accordingly, we decline to consider Hudson's hearsay argument.

### 3. Consideration of Plea Agreement

Hudson argues that the State failed to present sufficient evidence that he breached the plea agreement because the trial court did not enter the plea agreement into evidence. He claims that because the plea agreement was not admitted into evidence, there was no evidence that his King County conviction violated the plea agreement. We disagree.

Hudson is correct that the plea agreement was not formally admitted into evidence. However, several factors show that the trial court properly considered the plea agreement as evidence at the evidentiary hearing.

First, the plea agreement was in the court file. And Hudson did not object when the trial court stated during the evidentiary hearing that it had reviewed a copy of the plea agreement.

Second, the State quoted the condition in the plea agreement that "the defendant must not violate any municipal, county, state, or federal law." RP at 4. Hudson did not object to or challenge the State's use of the plea agreement at the hearing.

Third, when the trial court stated that the plea agreement precluded Hudson from engaging in criminal activity, defense counsel stated that he understood. Hudson did not challenge that statement as referring to matters outside the record.

In addition, Hudson cannot challenge the trial court's consideration of the plea agreement for the first time on appeal. The trial court entered a specific finding of fact that the plea

agreement included a requirement that Hudson "maintain law abiding behavior." CP at 133. Hudson did not assign error to or otherwise challenge that finding on appeal. Unchallenged findings are verities on appeal. *See State v. Chambers*, 197 Wn. App. 96, 124, 387 P.3d 1108 (2016), *review denied*, 188 Wn.2d 1010 (2017) (unchallenged findings after a suppression hearing).

In *State v. Nelson*, the trial court considered hearsay reports that were not formally admitted into evidence in a suspended sentence revocation hearing. 103 Wn.2d 760, 762, 697 P.2d 579 (1985). The appellate court noted that the defendant did not object to the failure to introduce the reports into evidence or their use at the hearing. *Id.* at 766. As a result, the court stated that the defendant waived any right of confrontation or cross examination regarding the reports. *Id. Nelson* supports the conclusion that Hudson cannot challenge for the first time on appeal the trial court's consideration of the plea agreement.

Under the specific circumstances of this case, we hold that Hudson is precluded from now arguing that the plea agreement was not part of the evidence the trial court properly considered at the evidentiary hearing.[2]

4.   Laches Claim

Hudson argues that the doctrine of laches prevented the State from relying on his King County conviction to establish his breach of the plea agreement. He claims that the State

---

[2] Hudson also argues that the trial court erred in finding that his testimony at the evidentiary hearing amounted to an admission that he had violated the plea agreement. Because we hold that the trial court properly considered the exhibits and the plea agreement, the evidence was sufficient to prove that he violated the plea agreement even if Hudson's own testimony was disregarded. Therefore, we do not address this argument.

improperly waited until 2015 to charge and convict him in order to satisfy the State's burden at his 2016 evidentiary hearing in this matter. We hold that laches is inapplicable here.[3]

Laches is an equitable defense to an action. *Newport Yacht Basin Ass'n of Condo. Owners v. Supreme Nw., Inc.*, 168 Wn. App. 56, 76, 277 P.3d 18 (2012). Laches involves two elements: (1) inexcusable delay in commencing an action and (2) prejudice to the other party because of the delay. *Auto. United Trades Org. v. State*, 175 Wn.2d 537, 542, 286 P.3d 377 (2012). Laches is an extraordinary remedy that generally is not applied when the action is filed within the applicable limitation period. *Harmony at Madrona Park Owners' Ass'n v. Madison Harmony Dev., Inc.*, 143 Wn. App. 345, 362, 177 P.3d 755 (2008). The party asserting laches has the burden of proof. *Newport Yacht Basin*, 168 Wn. App. at 77.

The main component of laches is not the length of the delay, but the resulting prejudice to others. *Clark County Pub. Util. Dist. No. 1 v. Wilkinson*, 139 Wn.2d 840, 849, 991 P.2d 1161 (2000). Application of laches requires some change in a party's condition that would make a delay in asserting a claim inequitable. *Newport Yacht Basin*, 168 Wn. App. at 77.

Here, Hudson did not submit any evidence to support either laches element. Nothing in the record explains the delay in filing the King County charges, so Hudson cannot establish that the delay was inexcusable. And Hudson has not shown that the State asserting the charges in 2015 rather than in 2012 prejudiced him. Accordingly, we hold that laches does not preclude the State from rescinding the plea agreement.

---

[3] Initially, it is unclear whether laches applies in the context of rescinding a plea agreement. Hudson argues that because plea agreements are contracts, laches should be available as a defense as in any breach of contract action. But he cites no cases applying laches in a criminal context. The State does not argue that laches cannot apply as a matter of law. Therefore, we assume without deciding that laches could apply here.

5. Summary

The trial court properly considered the plea agreement provision stating that Hudson could not violate any law and the evidence that Hudson was convicted of a felony after he entered into the plea agreement. Hudson's felony conviction was conclusive proof that he violated the plea agreement. *Townsend*, 2 Wn. App. 2d at 439-40. Accordingly, we hold that the evidence was sufficient for the trial court to conclude that Hudson violated the plea agreement.

B.      INEFFECTIVE ASSISTANCE OF COUNSEL

Hudson argues that he received ineffective assistance because defense counsel did not 1) object to the entry of the police incident report or King County judgment and sentence at the evidentiary hearing, 2) contest that Hudson had breached the plea agreement, 3) prevent Hudson from testifying about mitigating circumstances before the trial court actually ruled on breach, or 4) raise laches as a defense to rescission of the plea agreement. We disagree.

1. Legal Principles

The Sixth Amendment to the United States Constitution and article I, section 22 of the Washington Constitution guarantee criminal defendants the right to effective assistance of counsel. *State v. Estes*, 188 Wn.2d 450, 457, 395 P.3d 1045 (2017). We review ineffective assistance of counsel claims de novo. *Id.*

To prevail on an ineffective assistance claim, the defendant must show both that (1) defense counsel's representation was deficient and (2) the deficient representation prejudiced him or her. *Id.* at 457-58. Representation is deficient if, after considering all the circumstances, it falls below an objective standard of reasonableness. *Id.* at 458. Prejudice exists if there is a reasonable probability that, except for counsel's errors, the result of the proceeding would have

been different. *Id.* It is not enough that ineffective assistance conceivably impacted the case's outcome; the defendant must affirmatively show prejudice. *Id.*

We begin our analysis with a strong presumption that counsel's performance was reasonable. *Id.* To rebut this presumption, the defendant must establish the absence of any "conceivable legitimate tactic explaining counsel's performance." *State v. Grier*, 171 Wn.2d 17, 33, 246 P.3d 1260 (2011). If defense counsel's conduct can be considered to be a legitimate trial strategy or tactic, counsel's performance is not deficient. *Estes*, 188 Wn.2d at 458.

2. Analysis

Regarding the failure to object to the hearsay exhibits, Hudson cannot demonstrate prejudice. If defense counsel had objected and the trial court concluded that the exhibits constituted hearsay, the State easily could have obtained a certified copy of the King County judgment and sentence and called the officer who prepared the incident report to testify in person.

Regarding the failure to contest Hudson's breach of the plea agreement and allowing Hudson to testify about mitigating circumstances, defense counsel apparently made a strategic decision to present mitigation evidence rather than to contest the prior conviction in King County. Given Hudson's lengthy criminal record and commission of an additional felony while out on pre-sentencing release, the trial court may have decided to impose a higher sentence than it did in 2014. Defense counsel evidently determined the best way to avoid this outcome was to persuade the court that Hudson's mitigation evidence entitled him to a more lenient sentence. In any event, contesting Hudson's breach would have been futile because, as noted above, his subsequent conviction was conclusive proof of the breach of the plea agreement. *Townsend*, 2 Wn. App. 2d at 439-40.

Regarding the laches argument, as discussed above laches clearly is inapplicable on this record. Therefore, defense counsel was not deficient in failing to assert that argument.

Accordingly, we reject Hudson's ineffective assistance of counsel claim.

C.       FAILURE TO CONDUCT A RESENTENCING HEARING

In his statement of additional grounds, Hudson asserts that the trial court erred in imposing the same sentence the court imposed in 2014 without conducting a resentencing hearing. We agree.

In the first appeal, the appellate court's holding was that Hudson was entitled to an evidentiary hearing on whether he breached the plea agreement. *Hudson*, No. 73938-7-I, slip op. at 8. In addition, the court expressly stated that resentencing was required on remand. In the introduction, the court stated that it was vacating Hudson's judgment and sentence. *Id.* at 1. In its conclusion, the court stated, "We vacate the judgment and sentence and *remand for resentencing* consistent with this opinion." *Id.* at 10 (emphasis added).

The scope of the appellate court's mandate limits a trial court's discretion to resentence on remand. *State v. Kilgore*, 167 Wn.2d 28, 42, 216 P.3d 393 (2009). When the appellate court's opinion states that the court orders remand for resentencing, the resentencing court has broad discretion to resentence on all counts. *State v. Toney*, 149 Wn. App. 787, 792-93, 205 P.3d 944 (2009).

Here, the trial court simply entered a judgment and sentence that was identical to the 2014 judgment and sentence. The trial court failed to follow the appellate court's directive to resentence Hudson. And the trial court apparently failed to recognize that it had discretion under the appellate court's mandate to impose a different sentence than the court imposed in 2014.

Accordingly, the trial court erred in failing to conduct a sentencing hearing and resentence Hudson.

## CONCLUSION

We affirm the trial court's ruling that Hudson breached his plea agreement, but we vacate the trial court's judgment and sentence and remand for the trial court to conduct a sentencing hearing and resentence Hudson.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____

MAXA, C.J.

We concur:

_____

BJORGEN, J.

_____

LEE, J.