# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 51342-1-II |
| Respondent, | UNPUBLISHED OPINION |
| v. | |
| TYLER DAVID ROBB, | |
| Appellant. | |

GLASGOW — In a prior appeal, we affirmed Tyler David Robb's second degree child rape conviction, but we vacated his second degree child molestation conviction based on double jeopardy. On remand, the trial court vacated the second degree child molestation conviction but did not resentence Robb. Robb now appeals his sentence following remand, arguing that the trial court failed to recognize its authority to resentence him on his remaining second degree child rape count. Robb also argues that he was provided ineffective assistance of counsel at the resentencing hearing because his attorney failed to request a lower sentence on remand. We affirm.

1

FACTS

A jury found Robb guilty of second degree child rape and second degree child molestation based on a single incident involving his 13 year old stepdaughter. At sentencing, the trial court determined that both counts encompassed the same criminal conduct and counted as one crime for purposes of calculating Robb's offender score. The trial court calculated Robb's offender score as 0 and sentenced him to 90 months of total confinement.

Robb appealed, and we held that his convictions for both child rape and child molestation violated double jeopardy. We also held that the trial court erred in imposing two sentencing conditions that were not crime related.

We affirmed Robb's second degree child rape conviction and ordered "remand for the trial court to vacate Robb's conviction for second degree child molestation and to strike the sentencing conditions regarding controlled substances and sexually explicit material." Clerk's Papers (CP) at 30. We also issued a mandate "for further proceedings in accordance with the attached true copy of the opinion." CP at 1.

On remand, the State presented an order amending Robb's felony judgment and sentence to reflect this court's decision. The State argued to the trial court that "the remaining count of rape [of a] child in the second degree is the one on which the sentence now rests, but it doesn't change anything else about the terms or length of the sentence." Verbatim Report of Proceedings (VRP) at 3.

In response, Robb's counsel stated: "I believe the order is consistent with the court of appeals decision." VRP at 3. Counsel also informed the trial court that Robb wanted to be resentenced, but "I don't think I have the authority to request that." VRP at 4. The trial court ruled that it had "nothing to do at this point," and that the remaining count of second degree child rape was the conviction on which the sentence rested. *See* VRP at 3-4.

The trial court entered an order vacating Robb's second degree child molestation conviction and striking the two sentencing conditions related to controlled substances and sexually explicit material. Robb appeals.

## ANALYSIS

Robb argues that the trial court abused its discretion on remand because it failed to recognize its discretion to resentence him on his remaining second degree child rape count. We disagree.

A trial court abuses its discretion if it categorically refuses to exercise its discretion or fails to recognize its discretion. *State v. McFarland*, 189 Wn.2d 47, 56, 399 P.3d 1106 (2017), *amended on recons.*, 2019 WL 1968363 (June 4, 2019); *State v. Grayson*, 154 Wn.2d 333, 342, 111 P.3d 1183 (2005). A trial court's discretion to resentence on remand is constrained by the scope of our court's mandate. *State v. Kilgore*, 167 Wn.2d 28, 42, 216 P.3d 393 (2009). When our opinion orders remand for resentencing, the resentencing court has broad discretion to resentence the defendant on all remaining counts. *State v. Toney*, 149 Wn. App. 787, 792, 205 P.3d 944 (2009). However, the resentencing court does not retain the same discretion when our court remands to the trial court with direction that leaves no room for exercise of independent

judgment.  *State v. Schwab*, 134 Wn. App. 635, 645, 141 P.3d 658 (2006), *aff'd*, 163 Wn.2d 664, 185 P.3d 1151 (2008).

Here, our opinion specifically and narrowly instructed the trial court on remand to "vacate Robb's conviction for second degree child molestation and to strike the sentencing conditions regarding controlled substances and sexually explicit material."  CP at 30.  This language does not suggest that the trial court had broad discretion to conduct an entirely new sentencing hearing on Robb's remaining count.  And nothing in our opinion suggests that our court intended to grant the trial court such authority on remand.

Robb relies on *Kilgore* to argue that even absent an explicit remand for resentencing, remand can be considered "open-ended" enough to allow the trial court discretion to resentence. Br. of Appellant at 4-5; *Kilgore*, 167 Wn.2d 28.  But *Kilgore* is distinguishable.  In *Kilgore*, the remand was "for further proceedings" without limitation because in that case, the defendant could have been retried on two counts.  *Id.* at 34.  In this case, we remanded only to "vacate Robb's conviction" on one count and "to strike [certain] sentencing conditions."  CP at 4.  When our court remands for resentencing, it says so explicitly.  *See, e.g.*, *Toney*, 149 Wn. App. at 792.

Accordingly, the trial court correctly interpreted its authority under our mandate and its ruling was not an abuse of discretion.

Robb also argues that his counsel was ineffective for failing to argue for a lower sentence following remand.  But because our court's remand instructions did not authorize resentencing,

No. 51342-1-II

Robb's counsel was not ineffective for failing to request it.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

_Glasgow, J._____
Glasgow, J.

We concur:

_Melnick, J._____
Melnick, P.J.

_Sutton, J._____
Sutton, J.