# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 57215-0-II |
| Respondent, | |
| v. | |
| ISAIAH JACOB SCHUBERT, | UNPUBLISHED OPINION |
| Appellant. | |

VELJACIC, J. — Isaiah J. Schubert appeals his sentence following resentencing based on our remand due to a miscalculated offender score. *See State v. Schubert*, No. 54597-7-II, (Wash. Ct. App. Feb. 8, 2022) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2054597-7-II%20Unpublished%20Opinion.pdf (*Schubert* II), *review denied*, 199 Wn.2d 1021 (2022). Schubert argues that the trial court erred by not considering rehabilitation evidence when resentencing him. Because Schubert fails to show trial court error, we affirm his judgment and sentence.

## FACTS[1]

In 2017, Schubert pled guilty to burglary in the first degree while armed with a firearm—domestic violence, violation of pretrial no-contact order—domestic violence, residential burglary—domestic violence, assault in violation of a pretrial no-contact order—domestic violence, unlawful imprisonment—domestic violence, unlawful possession of a firearm in the

---

[1] The following facts rely in part on the facts set forth in this court's opinion in *Schubert* II, No. 54597-7-II, slip op. at 1-2.

second degree, and criminal trespass in the first degree—domestic violence. The trial court sentenced Schubert based on an incorrect offender score on count 1, the burglary in the first degree conviction.

Schubert filed a personal restraint petition seeking relief based on the offender score error. *See In re Pers. Restraint of Schubert*, No. 51900-3-II (Wash. Ct. App. Jan 8, 2019) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2051900-3-II%20Unpublished%20Opinion.pdf (*Schubert* I). We granted the petition and remanded for resentencing on count 1. During the resentencing hearing, Schubert requested the court resentence him on counts 2-7 in addition to count 1. The State agreed that there were errors in counts 2-7, but also argued that our mandate only addressed count 1. The trial court concluded that per our mandate, it was only authorized to resentence on count 1.

The trial court reduced Schubert's sentence from 176 months to 162 months on count 1. All other sentences ran concurrently to count 1's sentence.

Schubert appealed, arguing that his offender score was incorrect for counts 2-7 and that he should be resentenced on those counts as well. We agreed, holding that "[b]ecause Schubert's sentence was based on an incorrect offender score, the sentence on counts 2-7 is invalid and must be vacated." *Schubert* II, No. 54597-7-II, slip op. at 6. We remanded the matter to the trial court for resentencing consistent with our opinion. *Id.*, slip op. at 7.

During the 2022 resentencing hearing before us now, the State argued for the high end of the standard range "based upon the fact that the high end of those sentences is still well below the sentence that he is serving on Count 1" so the total time served would not change. Rep. of Proc. (RP) (Aug. 11, 2022) at 8. Defense counsel argued for the low end of the standard range because Schubert had been a model inmate, made significant progress, had supportive parents, and had a

residence waiting for him when he was released. But counsel recognized that it was all "academic" because Schubert's new sentences would run concurrently with the higher sentence on count 1, which had already been ordered at 162 months. RP (Aug. 11, 2022) at 8. Counsel acknowledged that resentencing on count 1 was "simply not before the court, and it's not much fun to tell a client that you really like working with that there's no opportunity to ask the court for that." RP (Aug. 11, 2022) at 10.

The trial court corrected Schubert's offender score, resentenced Schubert to the high end of the newly determined standard ranges on counts 2-7, and ran all sentences concurrently to count 1. The court acknowledged Schubert's progress but indicated that there was "nothing before [the court] in terms of changing [count 1's] sentence," stating that the court's "role is to make sure that the other counts are done correctly." RP (Aug. 11, 2022) at 14-15. Schubert appeals.

## ANALYSIS

Schubert contends that the trial court erred in not considering rehabilitation evidence in resentencing him. He argues that the court had discretion to consider this evidence and resentence him on all counts, including count 1. We conclude that the trial court did not err.

We review sentencing decisions for abuse of discretion. *State v. Delbosque*, 195 Wn.2d 106, 116, 456 P.3d 806 (2020). "Discretion may be abused if it is exercised on untenable grounds or for untenable reasons, such as a misunderstanding of the law." *State v. Hubbard*, 1 Wn.3d 439, 445, 527 P.3d 1152 (2023).

The scope of an appellate court's mandate limits a trial court's discretion to resentence on remand. *State v. Kilgore*, 167 Wn.2d 28, 42, 216 P.3d 393 (2009). When we remand for the trial court to enter only a ministerial correction of the original sentence, the court has no discretion to resentence. *State v. Toney*, 149 Wn. App. 787, 792, 205 P.3d 944 (2009). But when we remand

more broadly for resentencing, the trial court may resentence on counts that were not the subject of the appeal. *Id.*

Here, we initially remanded on count 1 based on a miscalculated offender score. *Schubert I*, No. 51900-3-II, slip op. at 2. During the first resentencing hearing, Schubert requested that the court resentence him on counts 2-7 as well because the miscalculated offender score affected all counts. *Schubert* II, No. 54597-7-II, slip op. at 2. The trial court concluded that per our mandate, it was only authorized to resentence on count 1. On appeal, we held that this was incorrect because the trial court had independent authority to correct an erroneous sentence. *Id.*, slip op. at 6. We remanded for the trial court to resentence on counts 2-7 as well, even though the total length of the sentence would not be impacted. *Id.*, slip op. at 3.

The second resentencing hearing was a limited resentencing on counts 2-7. The trial court could not resentence Schubert on count 1. Consistent with our mandate, the trial court resentenced Schubert on counts 2-7. The court corrected Schubert's offender score. The State and Schubert argued respectively for the high and low end of the standard range. The trial court ordered a standard range sentence. We conclude the trial court did not err.

Schubert argues that the court should have considered evidence of his rehabilitation but he doesn't show that the trial court failed to do so. Accordingly, the trial court did not err in resentencing Schubert on counts 2-7 and not revisiting its sentence on count 1.

## CONCLUSION

Because Schubert does not show that the trial court abused its discretion, we affirm Schubert's judgment and sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Veljacic, J.

We concur:

Cruser, A.C.J.

Che, J.