# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 57142-1-II |
| Respondent, | |
| v. | |
| ANDRE L. BONDS, | UNPUBLISHED OPINION |
| Appellant. | |

GLASGOW, C.J.— Andre Bonds was convicted of assault in the first degree in 2009. His offender score of 11 included points for prior drug-related offenses: convictions for unlawful possession of a controlled substance (simple possession) and for conspiracy to deliver a controlled substance (conspiracy to deliver).

In the wake of the Washington Supreme Court's invalidation of the simple possession statute in *State v. Blake*,[1] Bonds sought resentencing for his assault conviction, asking for his simple possession convictions to be excluded from his offender score. The trial court vacated the simple possession convictions, but on resentencing for the assault conviction, it added points from a conviction that had not been included in Bonds's offender score at his original sentencing hearing. Thus, Bonds's recalculated score did not change the 240-318 month standard sentencing range. The trial judge nevertheless reduced

---

[1] 197 Wn.2d 170, 481 P.3d 521 (2021).

Bonds's sentence to the minimum 240 months. The trial court found no valid basis for an exceptional sentence below the standard range.

Bonds appeals his new sentence. He argues for the first time on appeal that his conspiracy to deliver conviction is constitutionally invalid and should not have been included in his offender score. But even if Bonds were correct, his standard sentencing range would remain the same, the trial court already sentenced him to the low end of the standard range, and a change in offender score would not warrant revisiting an exceptional sentence. We therefore need not reach the remaining issues. We affirm Bonds's sentence.

FACTS

I. BACKGROUND

A.    2000 Conspiracy Conviction

Tacoma police officers found a bag of cocaine on Bonds when they searched him incident to an arrest. Bonds was originally charged with simple possession, but he ultimately pleaded down to conspiracy to deliver a controlled substance in 2000. In his statement on plea of guilty, Bonds made an *Alford* [2] plea, stating, "I am not pleading guilty because I am guilty; I am pleading guilty [b]ecause I wish to take advantage of the prosecuting attorney's recommendation and because if this case went to trial there is a substantial likelihood of conviction." Clerk's Papers at 175. As a result, Bonds was sentenced to six months, allowing him to serve his sentence in the county jail.

---

[2] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

B.        2009 Initial Sentencing for Assault Conviction

In 2009, Bonds was convicted of assault in the first degree. His offender score of 11 points included, among other convictions, a 1994 adult conviction for simple possession, 2 juvenile convictions for simple possession, and the 2000 conviction for conspiracy to deliver. The standard sentencing range was 240 to 318 months. The trial court sentenced Bonds to 276 months, near the middle of the standard range.

II. 2022 RESENTENCING FOR ASSAULT CONVICTION

In 2021, the Washington Supreme Court held in *Blake* that Washington's strict liability drug possession statute, RCW 69.50.4013, was unconstitutional. 197 Wn.2d at 195. In 2022, Bonds was still serving his sentence for the 2009 first degree assault. He asked the trial court to vacate his simple possession convictions in light of *Blake,* and he requested resentencing on the assault conviction. The trial court vacated Bonds's prior juvenile and adult convictions for simple possession.

At resentencing on the assault, the trial court excluded Bonds's vacated adult possession conviction and both vacated juvenile convictions from his offender score. The trial court also added two and a half points for crimes committed before his 2009 assault but omitted from his offender score at the original sentencing because the convictions were not obtained until 2010. In sum, his offender score increased from 11 to 11.5, and was rounded back down to 11 for the purposes of calculating the standard sentencing range. The standard sentencing range of 240-318 months did not change. Bonds's counsel agreed with this scoring. Nobody discussed Bonds's conspiracy to deliver conviction, which was originally based on a simple drug possession charge.

Bonds asked the trial court to impose an exceptional sentence below the standard range or, alternatively, a sentence at the bottom of the standard range. Bonds asked the court to consider factors including Bonds's work while incarcerated, his completion of a number of rehabilitation programs, his strong community network of support, and the fact that the victim of the assault in question was the aggressor in the altercation.

The trial court imposed a sentence of 240 months, the bottom of the standard range. The trial judge declined to impose an exceptional sentence downward, stating that he could not impose an exceptional sentence based on the reasons Bonds offered.

Bonds appeals his new sentence, raising for the first time that his prior conviction for conspiracy to deliver should not have been included in his offender score because that conviction, he argues, was constitutionally invalid.

ANALYSIS

Bonds concedes that recalculating his offender score without the conspiracy to deliver conviction would not alter the standard sentencing range. Nevertheless, he contends that this court should remand for resentencing so the trial court can reconsider imposing an exceptional sentence with a lower offender score in mind. The State responds that where a miscalculated offender score does not affect the standard sentencing range, the error is harmless. We agree with the State. Even if Bonds were correct that his conspiracy to deliver conviction is invalid and should be excluded from his offender score, he would not be entitled to resentencing where his standard sentencing range would not change and the trial court already sentenced him to the low end of the standard range.

Courts require resentencing when a miscalculated offender score affects the sentencing range. *State v. Kilgore*, 167 Wn.2d 28, 41, 216 P.3d 393 (2009). When considering imposing an exceptional sentence downward, courts may not consider a defendant's lack of criminal history as a mitigating circumstance because the offender score is part of the calculation of the standard range. *State v. Pascal*, 108 Wn.2d 125, 137, 736 P.2d 1065 (1987).

Bonds concedes that his standard sentencing range would not change if his offender score were recalculated to exclude his conspiracy to deliver conviction because his offender score would remain above 9. The trial court has already resentenced him at the bottom of the standard range.

Additionally, the record clearly demonstrates that the trial court found no basis for an exceptional downward departure from the sentencing range. Even if Bonds's conspiracy to deliver conviction were discounted, such a change to his criminal history could not be grounds for imposing the exceptional sentence Bonds requests. A lack of criminal history cannot be considered as a mitigating factor, so striking one conviction from his criminal history and offender score cannot be grounds for an exceptional sentence.

## CONCLUSION

Because Bonds's offender score is the only thing that would change, and that cannot be a basis for an exceptional sentence, the alleged error in his offender score is harmless. For these reasons, we affirm Bonds's sentence.[3]

---

[3] The State contends that the trial court should not have resentenced Bonds because doing so granted him relief after the time bar for bringing a personal restraint petition had expired. But the State also explains that it cannot ask for affirmative relief absent a cross appeal, which the State did not bring, and thus, it cannot ask us to reverse Bonds's new sentence. We decline the State's invitation to address this issue.

No. 57142-1-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_Glasgow, CJ_____
Glasgow, C.J.

We concur:

_Maxa, J._____
Maxa, J.

_Price, J._____
Price, J.