# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 55855-6-II |
| Respondent, | |
| v. | |
| JUSTIN WILLIAM HAMMONS, | UNPUBLISHED OPINION |
| Appellant. | |

PRICE, J. — Justin W. Hammons appeals the sentence imposed following his guilty plea to two counts of first degree rape of a child and one count of third degree assault of a child. We dismiss this appeal as moot.

## FACTS

On May 3, 2013, Hammons pleaded guilty to two counts of first degree rape of a child (counts I and II) and one count of third degree assault of a child (count III). Hammons was 16 years old when he committed count II, and he was 18 years old when he committed counts I and III. On August 23, 2013, Hammons was sentenced on count I to an indeterminate sentence with a minimum term of 171 months and a maximum term of life. Hammons was sentenced to determinate sentences of 171 months on count II and 12 months on count III, to run concurrently with his sentence on count I.

In May 2021, roughly eight years later, Hammons filed a notice of appeal. On July 12, 2021, a commissioner of this court granted Hammons' motion to file a late notice of appeal.[1] Later, Hammons' appeal was stayed pending several Supreme Court decisions. The stay was lifted on January 13, 2023. After the stay was lifted, the State filed its response and Hammons filed his reply.

ANALYSIS

In Hammons' opening brief, he argued that the superior court erred by supposedly imposing an indeterminate sentence with a maximum of life on count II, the juvenile count. Hammons alleged that the superior court failed to appreciate its discretion to impose a determinate sentence. And Hammons argued that same discretion to impose a determinate sentence should be extended to his adult count I because, although he was not a juvenile for count I, he was a late-adolescent, youthful offender.

In his post-stay reply brief, Hammons concedes these arguments fail legally and factually. As to count II, Hammons was factually incorrect; the superior court did actually impose a determinate sentence of 171 months under RCW 9.94A.507(2), not an indeterminate sentence. Further, as for count I, our Supreme Court held in *In re Personal Restraint of Forcha-Williams*, a decision that was issued after Hammons' opening brief, that superior courts lack the discretion to convert an indeterminate sentence to a determinate one or to reduce the statutory maximum of an indeterminate sentence, even when sentencing juveniles (which Hammons was not for count I).

---

[1] The State suggests Hammons obtained permission to file his late appeal by misrepresenting the record. However, the State did not file a motion to modify the commissioner's ruling allowing Hammons to file the late appeal within 30 days of the ruling. RAP 17.7(a). Accordingly, we do not address the propriety of allowing Hammons' late notice of appeal.

200 Wn.2d 581, 597-98, 520 P.3d 939 (2022). Accordingly, these arguments raised in Hammons' opening brief necessarily fail.

Despite the failure of his original arguments, Hammons contends that his sentence on count II is still unconstitutional based on *Houston-Sconiers*. *State v. Houston-Sconiers*, 188 Wn.2d 1, 391 P.3d 409 (2017). *Houston-Sconiers* requires that, when sentencing juveniles, the superior court must consider the mitigating qualities of youth and must have discretion to impose any sentence below the standard sentencing range or applicable sentencing enhancements. *Id.* at 21. However, despite a *Houston-Sconiers* error in imposing the sentence on count II, any challenge to his sentence on count II is moot.

We will dismiss a case if it is moot. RAP 18.9(c). " 'A case is moot if a court can no longer provide effective relief.' " *State v. Ross*, 152 Wn.2d 220, 228, 95 P.3d 1225 (2004) (quoting *State v. Gentry*, 125 Wn.2d 570, 616, 888 P.2d 1105 (1995)). We cannot provide effective relief for a sentencing error when the defendant will not receive less confinement as a result of resentencing. *See id*.

Here, Hammons' determinate sentence for count II of 171 months runs concurrently with his indeterminate sentence for count I of 171 months to life. Therefore, any result from resentencing on count II will not result in any lesser term of confinement. Despite this, Hammons argues,

> Because Hammons is entitled to a new sentencing hearing on Count II, this Court can but does not have to decide whether Counts I and III are constitutionally infirm. Instead, when an appellate court orders "remand for resentencing," as it did here, the resentencing court has broad discretion to resentence on all counts. *State v. Toney*, 149 Wn. App. 787, 792, 205 P.3d 944 (2009). A trial court's discretion to resentence on remand is informed by the scope of the appellate court's mandate.

> *State v. Collicott*, 118 Wn.2d 649, 660, 827 P.2d 263 (1992); *State v. Kilgore*, 167
> Wn.2d 28, 42, 216 P.3d 393 (2009).

Appellant's Reply at 6-7. While the cases cited by Hammons support the proposition that the scope of the superior court's discretion on remand is determined by this court, the remedy ordered by this court is determined by the error identified on appeal. *See, e.g.*, *Collicott*, 118 Wn.2d at 660; *State v. Collicott*, 112 Wn.2d 399, 412, 771 P.2d 1137 (1989) (plurality opinion) (scope of resentencing limited to redetermining the petitioner's offender score because of error related to same criminal conduct analysis). And here, the only error in Hammons' case is on count II. Therefore, there is no reason to order any remedy other than remand for resentencing on count II, and the superior court's discretion would be limited to resentencing only on count II.

Division III's recent opinion in *State v. Dunbar* does not change our opinion. 27 Wn. App. 2d 238, 532 P.3d 652 (2023). First, although *Dunbar* posits that resentencings are de novo, it also adds "unless the reviewing court restricts resentencing to narrow issues . . . ." *Id.* at 244. Here, considering an erroneous sentence was imposed only on count II, the appropriate remedy in this case is to limit the issues on remand to resentencing only on count II. Therefore, we would not be ordering de novo resentencing. Second, *Dunbar* addressed *Blake*[2] resentencings, in which all counts are likely affected by a change to the offender score due to removing prior convictions for possession of a controlled substance. *Id.* at 240-41. Here, as discussed above, only count II, the sole juvenile count, is affected by the *Houston-Sconiers* error. Accordingly, we are not persuaded that *Dunbar* changes our analysis of the appropriate remedy in this case.

---

[2] *State v. Blake*, 197 Wn.2d 170, 195, 481 P.3d 521 (2021).

CONCLUSION

The only error Hammons has identified is a *Houston-Sconiers* error related to his sentence on count II. Therefore, the appropriate remedy is resentencing on count II. But no decision on count II alone could conceivably impact Hammons' total confinement because the sentence on count II is concurrent to, and subsumed by, his sentence on the adult count I. Thus, Hammons' challenge to his sentence on count II is moot. Accordingly, we dismiss this appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

VELJACIC, P.J.

CHE, J.